1   JOHN L. BURRIS, STATE BAR NO. 69888
2   BENJAMIN NISENBAUM (SBN 222173)
    ADANTE DE POINTER (SBN 236229)
3   Law Offices of John L. Burris
    Airport Corporate Centre
    7677 Oakport Road, Suite 1120
4   Oakland, California  94621
    Telephone:     510.839.5200
5   Facsimile:     510.839.3882
    Email: bnisenbaum@gmail.com
6
7   Attorneys for Plaintiffs

8                UNITED STATES DISTRICT COURT

9   NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10
11  KATHLEEN ESPINOSA, et al.,           )   Case No.: C06-04686 JSW
                                         )
12              Plaintiffs,              )   **PLAINTIFFS' MOTION IN LIMINE NO.**
                                         )   **2 TO EXCLUDE OR LIMIT THE**
13         vs.                           )   **TESTIMONY OF DEFENSE EXPERT,**
                                         )   **ALEXANDER JASON**
                                         )
14  CITY AND COUNTY OF SAN               )
15  FRANCISCO, et al.,                   )   Trial Date: December 2, 2013
                                         )   Trial:  8:00 a.m.
16              Defendants.              )   Pretrial Conf.: April 1, 2013
                                         )   Time:  2:00 p.m.
17                                       )   Courtroom 11, 19th Floor
                                         )   The Honorable Jeffrey S. White
18                                       )
                                         )
19  _____

20
21
22
23
24
25
26

## I.  STATEMENT OF FACTS

Plaintiffs move the Court for an Order excluding or limiting the testimony of Defendants' expert witness, Alexander Jason, at trial under F.R.E. 401, 402, 403, 702 and 703.  A copy of Mr. Jason's F.R.E. 26 report is attached hereto as Exhibit 1.

On June 6, 2006, San Francisco Police Officers, Paul Morgado, Michelle Alvis and John Keesor entered 2 Garces Drive in the Park Merced apartment complex without a warrant where Asa Sullivan was living a guest.  After the three officers confronted Mr. Sullivan in the attic sof the apartment at gunpoint, Officers Alvis and Keesor shot Mr. Sullivan to death.  It is undisputed that Mr. Sullivan was not armed with a firearm when he was killed.  Officers Alvis and Morgado admitted they never saw Mr. Sullivan holding a gun or pointing any object resembling a weapon at the officers before Officer Alvis fired her gun at Mr. Sullivan.  Officer Alvis testified she fired her gun because she saw muzzle fire coming from Mr. Sullivan and heard a "pop" consistent with gunfire, despite the fact that Mr. Sullivan had no gun. Officer Keesor claims he shot at Mr. Sullivan when he allegedly pointed a black object that he said looked like a barrel of a gun at Officer Alvis.

Since Mr. Sullivan had no gun, the defense will contend that an eyeglass case, found after the shooting, was the object that Officer Keesor claims he saw Mr. Sullivan pointing during the incident.  However, Officer Leung, who entered the attic immediately after the shooting to secure weapons, verbally announced that he located the eyeglass case in Mr. Sullivan's pocket. Sgt. Darren Choy informed homicide investigators shortly after the shooting about Officer Leung's statement that the eyeglass case was in the decedent's pocket. Officer Leung also said that the decedent's hands were empty and visible in his lap. Officer Keesor was still in the attic when Officer Leung made these observations. Subsequently, officers claimed they found the

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

1

eyeglasses case underneath Mr. Sullivan's right arm, on the floor of the attic, buried under the insulation, even though not a single photograph taken of the scene in the aftermath of the shooting by an experienced crime scene investigator show the eyeglass case in the location.

In an apparent attempt to reconcile these discrepancies and bolster the credibility of the officers' claims, the defense plans to call Alexander Jason, a former San Francisco police officer and "crime scene analyst," to offer opinions to the effect that the officers' accounts are credible and consistent with the physical evidence. Plaintiffs object to the admission of Mr. Jason's testimony under FRE 401, 402, 403, 702, 703 and because it attempts to usurp the jury's role in assessing the credibility of the defendants' accounts of the incident.

### III. ARGUMENT

**1. Mr. Jason's Testimony Should be Excluded or Limited at Trial**

FRE 402 provides that evidence which is not relevant is not admissible. "Relevant evidence" is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. FRE 403 provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Ninth Circuit has held that "unfair prejudice" is the tendency "to suggest decision on an improper basis, commonly…an emotional one." *U.S. v. W.R. Grace,* 504 F.3d 745, 759 (9th Cir. 2007)(*quoting* the Advisory Committee Notes to F.R.E. 403).

F.R.E. 702 provides that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony under Rule 702 must be both relevant and reliable. *Daubert v.*

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

2

*Merrell Dow Pharms, Inc.,* 509 U.S. 579, 589 (1993).  In deciding whether to permit expert testimony, the Court must act as a "gatekeeper," by making a determination of whether the expert's proposed testimony is reliable.  *Elsayed Mukhtar v. Cal. State Univ. Hayward,* 299 F.3d 1053, 1063 (9th Cir. 2002), *amended by,* 319 F.3d 103 (9th Cir. 2003). Even where expert testimony is determined by the Court to be admissible, it may be excluded where its probative value is substantially outweighed by its prejudicial effect under F.R.E. 403.

Furthermore, "an expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors." *Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009), *reversed on other grounds*, __U.S.___, 131 S. Ct. 770 (2010), *on remand*, 634 F.3d 1238 (9th Cir. 2011); *see also United States v. Rushing*, 388 F.3d 1153, 1156 (8th Cir. 2004) ("Expert testimony should not be admitted when it is speculative, it is not supported by sufficient facts, or the facts of the case contradict or otherwise render the opinion unreasonable."); *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony that "was not sufficiently founded on the facts" of the case).

The proponent of the expert's testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). To meet this burden, the party presenting the expert must provide "some objective, independent validation of the expert's methodology" showing that the expert's findings are based on "sound science." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995), *cert. denied,* 516 U.S. 869 (1995)(Proponent's failure to meet this burden warrants exclusion of the proffered expert testimony).

Moreover, expert testimony should be excluded where it is being used to bolster the credibility of a witness and to usurp the province of the jury to make credibility determinations.

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

3

See, *U.S. v. Binder*, 769 F.2d 595, 601-602 (9th Cir. 1985), *overruled in part on other grounds*, *U.S. v. Morales*, 108 F.3d 1031 (9th Cir. Cal. 1997).

Although FRE 703 allows an expert to base opinions on the expert's experience in his or her *own* field, FRE 703 does not allow an expert qualified in one field to offer opinions outside his or her area of expertise. *See, e.g., Sigler v. American Honda Motor Co.*, 532 F.3d 469, 479-80 (6th Cir. 2008) (experienced auto mechanic not qualified to testify as to "accident reconstruction" or "airbag engineering").

In this case, Mr. Jason's opinions are largely based on speculation, conjecture, lack foundation, and fail to meet the standards for expert testimony under FRE 702-703 and *Daubert*. Moreover, the probative value of his opinions is substantially outweighed by its prejudicial effect, likelihood of jury confusion, and the unnecessary waste of the Court's time and resources at trial. Furthermore, it is clear that this testimony is being offered in an improper attempt to bolster the credibility of the officers' accounts, explain the discrepancies in their accounts and usurp the jury's function in assessing the officers' credibility.

For example, Mr. Jason's opinions to the effect that Mr. Sullivan had his arm outstretched, as if holding a gun at the time he was shot, are based on pure speculation and lack foundation. (See, Ex. 1, Jason Rule 26 report, pp. 3-4). In arriving at these opinions, Mr. Jason admitted that he could not rule out that the eyeglass case was in Mr. Sullivan's pocket, as Officer Leung had initially reported; never tested what he assumed to have been blood on the eyeglass case to confirm that it was, in fact, blood from Mr. Sullivan; could not say whether what he assumed were blood deposits in post mortem photographs were caused by aspirated blood from Mr. Sullivan's mouth or nose or were the result of a bullet wound; admitted that the body had been moved before photographs were taken; admitted that Mr. Sullivan could have raised his

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

arm in reaction to being shot, rather than before he was shot; and could not say how he was holding the eyeglass case, if at all, when he was shot. (Ex. 2, Jason depo., pp. 61-65; 87-111).  In fact, Mr. Jason admitted that he decided to use the description of having Mr. Sullivan's arm in an outstretched manner as if holding a gun in his Rule 26 report after a phone conference he had with defense counsel who was having trouble understanding Mr. Jason's opinion. *Id.*

In an apparent attempt to explain why neither Officers Alvis nor Morgado saw Mr. Sullivan raise up his right hand and point anything at Officer Alvis before the shooting, Mr. Jason opines that only Officer Keesor could have seen this. (See, Ex. 1, p. 6, Jason Rule 26 report).  However, Mr. Jason's opinions in this regard lack foundation and are based on pure speculation and conjecture.  Mr. Jason admitted at deposition that when he went to the scene almost two years after the shooting to have the officers reenact their locations during the incident, he did not take measurements of their locations vis-a-vis Mr. Sullivan or each other; admitted that he did not have anyone recreate Mr. Sullivan allegedly pointing anything at Officer Alvis or simulate the movement that Officer Keesor claims he saw Mr. Sullivan make; and admitted that Officer Alvis was moving her head and that she was not looking in the same locations throughout the incident. (Ex. 2, Jason depo., pp. 117-136).  Furthermore, Mr. Jason admitted that his opinion to the effect that Officer Alvis could not see Mr. Sullivan's right hand/arm was not based on any effort to recreate how Mr. Sullivan was holding his right hand. (Ex. 2, Jason depo., pp. 137-139). As noted above, Mr. Jason also admitted that Mr. Sullivan's right arm could have moved in reaction to him being shot. Therefore, Mr. Jason's opinion that only Officer Keesor could have seen Mr. Sullivan raise his arm as if he was holding a weapon should be excluded under FRE 401-402, 403, 702, 703 and because it improperly usurps the jury's function to assess the credibility of the officers' accounts.

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

Mr. Jason's opinion to the effect that Officer Alvis' perception of a muzzle flash at the time she began to discharge her firearm at Mr. Sullivan could have been caused by a reflection of light from Mr. Sullivan's eyeglasses or the face of his watch is also based on pure speculation and conjecture and should not be admitted under FRE 702.  (See, Jason Rule 26 report, Ex. 1, p. 5). Mr. Jason admitted that he did not know how much ambient light was in the attic at the time of the shooting and his examination of the evidence took place at the San Francisco Police Department's property room under conditions not substantially similar to those present in the attic at the time of the shooting.  (Ex. 2, Jason depo, pp. 136-143). Moreover, an animated "gif" that Mr. Jason made purporting to show reflection from the watch face was not made under conditions substantially similar to those present at the time of the shooting. Therefore, Mr. Jason's testimony to the effect that Officer Alvis mistook light reflecting from Mr. Sullivan's eyeglasses or watch face should be excluded under FRE 401-402, 403, 702, 703 and because it improperly usurps the jury's function to assess the credibility of the officers' accounts.

 Mr. Jason's opinion that Officer Alvis suffered an injury during the incident that was consistent with being struck by a bullet fragment or other small object should be excluded at trial under FRE 401-402, 403, 702 and 703.  (Ex. 1, Jason Rule 26 report, p. 6).  Officer Alvis' alleged injury is irrelevant, its probative value is substantially outweighed by its prejudicial effect, likelihood of jury confusion and the waste of the Court's time and resources.  Moreover, Mr. Jason is not a medical expert and he admitted that the injury could have been caused by something other than a bullet fragment or debris from the shooting. (Ex. 2, Jason depo., p. 145-147).

Mr. Jason's opinion to the effect that Officer Alvis mistook the sound of the eyeglass case snapping shut as gunfire when she discharged her gun at Mr. Sullivan (See, Ex. 1, Jason

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

Rule 26 report, p. 7) should also be excluded at trial under 401-402, 403, 702, 703 and because it usurps the jury's function to assess her credibility.  While Mr. Jason opines that an eyeglass case snapping shut can produce a sound that could be interpreted as a gunshot, he admits that he was not able to take a measurement of the sound; did not record the sound an exemplar case made in the attic where the shooting occurred; agreed that the sound a gunshot makes depends on the caliber of the bullet; admitted he has no training in acoustics; and claims he could not record the sound made by the actual eyeglass case because of ambient sound in the Police Department evidence room, yet did not know whether there was ambient sound in the attic when the subject incident occurred.  (Ex. 2, Jason depo., pp. 137-152). In effect, the basis for his conclusion that the eyeglass case snapping shut could be perceived as a gunshot was based solely on his prior experience hearing gunshots – something which does not require any particular expertise or is something outside the knowledge of a layperson.

Based on the foregoing, Mr. Jason's testimony should be excluded at trial under 401-402; FRE 403; 702-703 and because it improperly invades the province of the jury

Dated:  March 4, 2013                    _____/S/_____
                                                         Benjamin Nisenbaum
                                                         Attorney for Plaintiffs

Plaintiffs' Motion in Limine No. 2 to Exclude or Limit Testimony of Alexander Jason
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW