JOHN L. BURRIS, STATE BAR NO. 69888
BENJAMIN NISENBAUM (SBN 222173)
ADANTE DE POINTER (SBN 236229)
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Road, Suite 1120
Oakland, California  94621
Telephone:    510.839.5200
Facsimile:     510.839.3882
Email:

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHLEEN ESPINOSA, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.: C06-04686 JSW<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 7 TO EXCLUDE OR LIMIT TESTIMONY OF DEFENSE EXPERT, KRIS MOHANDIE, Ph.D.**<br><br>Trial Date: December 2, 2013<br>Trial:  8:00 a.m.<br>Pretrial Conf.: April 1, 2013<br>Time:  2:00 p.m.<br>Courtroom 11, 19th Floor<br>The Honorable Jeffrey S. White |

## I.  STATEMENT OF FACTS

Plaintiffs move the Court for an Order excluding the testimony of Defendants' expert witness, Kris Mohandie, Ph.D., at trial under F.R.E. 401, 402, 403, 702, 703 and because her testimony improperly attempts to bolster the credibility of the defendants' accounts and usurps the province of the jury to determine issues of credibility. A copy of Dr. Mohandie's F.R.E. 26 report is attached and incorporated herein by reference as Exhibit 1.

Plaintiffs' Motion in Limine No. 1 to Exclude /Limit Testimony of Kris Mohandie, Ph.D.
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW　　　　　　1

On June 6, 2006, San Francisco Police Officers, Paul Morgado, Michelle Alvis and John Keesor entered 2 Garces Drive in the Park Merced apartment complex without a warrant where Asa Sullivan was living a guest. After the three officers confronted Mr. Sullivan in the attic of the apartment at gunpoint, Officers Alvis and Keesor shot Mr. Sullivan to death. It is undisputed that Mr. Sullivan was not armed with a firearm when he was killed. Officers Alvis and Morgado admitted they never saw Mr. Sullivan holding a gun or pointing any object resembling a weapon at the officers before Officer Alvis fired her gun at Mr. Sullivan. Officer Alvis testified she fired her gun because she saw muzzle fire coming from Mr. Sullivan and heard a "pop" consistent with gunfire, despite the fact that Mr. Sullivan had no gun. Officer Keesor claims he shot at Mr. Sullivan when he allegedly pointed a black object that he said looked like a barrel of a gun at Officer Alvis.

Since Mr. Sullivan had no gun, the defense will contend that an eyeglass case, found after the shooting, was the object that Officer Keesor claims he saw Mr. Sullivan pointing during the incident. However, Officer Leung, who entered the attic immediately after the shooting to secure weapons, verbally announced that he located the eyeglass case in Mr. Sullivan's pocket. Sgt. Darren Choy informed homicide investigators shortly after the shooting about Officer Leung's statement that the eyeglass case was in the decedent's pocket. Officer Leung also said that the decedent's hands were empty and visible in his lap. Officer Keesor was still in the attic when Officer Leung made these observations. Subsequently, officers claimed they found the eyeglasses case underneath Mr. Sullivan's right arm, on the floor of the attic, buried under the insulation, even though not a single photograph taken of the scene in the aftermath of the shooting by an experienced crime scene investigator show the eyeglass case in the location.

Plaintiffs' Motion in Limine No. 1 to Exclude /Limit Testimony of Kris Mohandie, Ph.D.
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW                2

In an apparent attempt to reconcile these discrepancies and bolster the credibility of the officers' claims, the defense plans to call Kris Mohandie, Ph.D. to offer opinions to the effect that the defendants' contradictory accounts can be explained by perceptual distortions, tunnel vision, memory problems, changes in sound and visual perception brought on by the stress of the event, which she opines caused them to inaccurately perceive or remember the sequence of the events, particularly in the last few seconds in which the shots were fired. (Ex. 1, 7-12). Dr. Mohandie opines that due to the stress the defendants were under, they mistook the sound of an eyeglass case shutting as a gunshot and reflection from Mr. Sullivan's watch or glasses as a muzzle flash; both Officer Keesor and Morgado failed to recollect alleged statements by the decedent; and Officer Keesor could not recall which hand the decedent allegedly used to point a black object at him when he resorted to the use of deadly force. (Ex. 1, pp. 11-12).

As discussed below, Dr. Mohandie's testimony in this regard should be excluded because it is highly speculative and an improper attempt by the defense to bolster the credibility of the Defendants and usurp the province of the jury to resolve issues of credibility.

Dr. Mohandie also renders opinions to the effect that the "intervention strategies" used by the defendants during the subject incident were "appropriate and consistent with good crisis management practice." However, Dr. Mohandie is a psychologist and is not qualified to testify as a police practices expert. What may be appropriate and consistent with good crisis management practice for a medical health professional, does not mean that the officers' conduct was in accord with professional and constitutional police standards and practices. Therefore, Dr. Mohandie's testimony regarding the appropriateness of the officers' intervention strategies is irrelevant under FRE 401-402; unduly prejudicial under FRE 403, and she is not qualified to render such an opinion with respect whether the officers' conduct was in accord with

Plaintiffs' Motion in Limine No. 1 to Exclude /Limit Testimony of Kris Mohandie, Ph.D.
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW              3

professional and constitutional police practices under FRE 702. Moreover, Dr. Mohandie's opinions to the effect that this was a "suicide by cop" event and that Mr. Sullivan lacked a "will to live" should also be excluded pursuant to Plaintiffs' Motion in Limine No. 1.

### III.  ARGUMENT

**1.  Dr. Mohandie's Testimony Should be Excluded at Trial**

FRE 402 provides that evidence which is not relevant is not admissible. "Relevant evidence" is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. FRE 403 provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Ninth Circuit has held that "unfair prejudice" is the tendency "to suggest decision on an improper basis, commonly…an emotional one." *U.S. v. W.R. Grace,* 504 F.3d 745, 759 (9th Cir. 2007)(*quoting* the Advisory Committee Notes to F.R.E. 403).

F.R.E. 702 provides that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony under Rule 702 must be both relevant and reliable. *Daubert v. Merrell Dow Pharms, Inc.,* 509 U.S. 579, 589 (1993). In deciding whether to permit expert testimony, the Court must act as a "gatekeeper," by making a determination of whether the expert's proposed testimony is reliable. *Elsayed Mukhtar v. Cal. State Univ. Hayward,* 299 F.3d 1053, 1063 (9th Cir. 2002), *amended by,* 319 F.3d 103 (9th Cir. 2003). Even where expert testimony is determined by the Court to be admissible, it may be excluded where its probative value is substantially outweighed by its prejudicial effect under F.R.E. 403.

Furthermore, "an expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors." *Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009), *reversed on other grounds*, __U.S.___, 131 S. Ct. 770 (2010), *on remand*, 634 F.3d 1238 (9th Cir. 2011); *see also United States v. Rushing*, 388 F.3d 1153, 1156 (8th Cir. 2004) ("Expert testimony should not be admitted when it is speculative, it is not supported by sufficient facts, or the facts of the case contradict or otherwise render the opinion unreasonable."); *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony that "was not sufficiently founded on the facts" of the case).

The proponent of the expert's testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). To meet this burden, the party presenting the expert must provide "some objective, independent validation of the expert's methodology" showing that the expert's findings are based on "sound science." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995), *cert. denied,* 516 U.S. 869 (1995)(Proponent's failure to meet this burden warrants exclusion of the proffered expert testimony).

Moreover, expert testimony should be excluded where it is being used to bolster the credibility of a witness and to usurp the province of the jury to make credibility determinations. See, *U.S. v. Binder*, 769 F.2d 595, 601-602 (9th Cir. 1985), *overruled in part on other grounds*, *U.S. v. Morales*, 108 F.3d 1031 (9th Cir. Cal. 1997).

Although FRE 703 allows an expert to base opinions on the expert's experience in his or her *own* field, FRE 703 does not allow an expert qualified in one field to offer opinions outside his or her area of expertise. *See, e.g., Sigler v. American Honda Motor Co.*, 532 F.3d 469, 479-

Plaintiffs' Motion in Limine No. 1 to Exclude /Limit Testimony of Kris Mohandie, Ph.D.
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW                5

80 (6th Cir. 2008) (experienced auto mechanic not qualified to testify as to "accident reconstruction" or "airbag engineering").

Dr. Mohandie's opinions, in which she attempts to reconcile the discrepancies in the officers' accounts of the incident by contending that the stress of the event caused them to misperceive and fail to accurately recollect the events leading up to the shooting – particularly in the last few seconds before they fired their guns, is clearly an effort to improperly bolster the defendants' credibility and usurp the province of the jury to determine issues of credibility. Furthermore, Dr. Mohandie's opinion that the stress of the situation caused the officers to mistake the closing of an eyeglass case as a gunshot or the reflection from the decedent's glasses or watch as muzzle fire from a gun is based on pure speculation and conjecture and does not meet the requirements for expert opinion testimony under FRE 702-703 and *Daubert.*

Even if Dr. Mohandie's opinions in this regard were somehow admissible, which Plaintiffs strongly assert they are not, any probative value of her testimony is substantially outweighed by its prejudicial effect and the likelihood that it will mislead the jury. Therefore, Dr. Mohandie's testimony should be excluded at trial under FRE 401-402, 403, 702-703 and because it improperly usurps the province of the jury to determine the credibility of the defendants at trial.

In addition, Dr. Mohandie's opinions to the effect that the officers' "intervention strategies" were "appropriate and consistent with good crisis management practice" should be excluded on relevancy grounds since this conclusion is not relevant to any issues of consequence in this case, including with respect to whether the officers violated the Fourth Amendment by entering the subject premises without a warrant; whether they violated the Fourth Amendment by detaining Mr. Sullivan at gunpoint without evidence he committed a crime; and whether the

officers violated the Fourth Amendment by subjecting Mr. Sullivan to the unreasonable use of deadly force.  While this evidence might have some arguable probative value for a *Monell* claim alleging the failure to train officers in responding to crises, there are no *Monell* claims remaining for trial.  Therefore, whether the officers used "good crisis management" techniques is not relevant to the determination of the officers' individual liability under 42 U.S.C. Section 1983 and, thus, this evidence and Dr. Mohandie's testimony, should be excluded under FRE 401-402.

Furthermore, even if this evidence had any probative value, it should be excluded under FRE 403 because any probative value it may have is substantially outweighed by the likelihood that it will confuse the jury about the legal standards applicable to the determination of the case under the Fourth Amendment.  Instead of focusing on the appropriate standards for determining whether Defendants' ultimate use of force was reasonable under *Graham v. Connor*, the jury could decide that Defendants should not be held liable because they exercised good crisis management skills before the shooting.  Therefore, this evidence should be excluded under FRE 403.

In addition, Dr. Mohandie is not qualified to offer opinions about professional, constitutional police practices.  Although she may have expertise in crisis negotiations, counseling officers after their use of deadly force, participating in training on dealing with mentally ill subjects and the like, this experience does not qualify her to offer opinions about whether the officers' conduct was consistent with professional and constitutional police practices.  Therefore, her testimony should be excluded under FRE 702.

Dated:  March 4, 2013                              _____/S/_____
                                                   Benjamin Nisenbaum
                                                   Attorney for Plaintiffs

Plaintiffs' Motion in Limine No. 1 to Exclude /Limit Testimony of Kris Mohandie, Ph.D.
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW           7