JOHN L. BURRIS, STATE BAR NO. 69888
BENJAMIN NISENBAUM (SBN 222173)
ADANTE DE POINTER (SBN 236229)
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Road, Suite 1120
Oakland, California 94621
Telephone:    510.839.5200
Facsimile:    510.839.3882
Email: bnisenbaum@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| KATHLEEN ESPINOSA, et al., | ) Case No.: C06-04686 JSW |
|---|---|
| Plaintiffs, | ) **PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF DEFENSE EXPERT WITNESS, EMILY A. KERAM, M.D., REFERENCES TO "SUICIDE BY COP" AND PRIOR BAD ACTS EVIDENCE** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | ) Trial Date: December 2, 2013<br>) Trial: 8:00 a.m.<br>) Pretrial Conf.: April 1, 2013<br>) Time: 2:00 p.m.<br>) Courtroom 11, 19th Floor<br>) The Honorable Jeffrey S. White |

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al,
Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

## I. INTRODUCTION

Plaintiffs move the Court for an Order excluding the testimony of Defendants' expert witness, Emily A. Keram, M.D.; references to "suicide by cop," and prior bad acts evidence allegedly supporting a "suicide by cop" theory under FRE 401, 402, 403, 702, and 703. A copy of Dr. Keram's FRE 26 report is attached and incorporated herein by reference as Exhibit 1.[1]

## II. STATEMENT OF FACTS

On June 6, 2006, San Francisco Police Officers, Paul Morgado, Michelle Alvis and John Keesor entered 2 Garces Drive in the Park Merced apartment complex without a warrant where Asa Sullivan was living a guest. Prior to encountering Mr. Sullivan in the attic, the officers had no evidence that he committed any crime and had no information about his prior criminal, mental health or medical history. It is also undisputed that Mr. Sullivan did not have a gun, did not physically injure the officers, had not committed any violent crime on, or in close proximity to, the date of the incident, and did not attempt to flee the attic before he was killed.

Officers Alvis and Morgado admitted they never saw Mr. Sullivan holding a gun or pointing any object resembling a weapon at the officers before Officer Alvis fired her gun at Mr. Sullivan. Officer Alvis testified she fired her gun because she saw muzzle fire coming from Mr. Sullivan and heard a "pop" consistent with gunfire, even thought Mr. Sullivan had no firearm in his possession. Officer Keesor claims he shot Mr. Sullivan when he allegedly pointed a black object that he said looked like a barrel of a gun at Officer Alvis. It is expected that the defense will claim that an eyeglass case found after the shooting was the black object that Officer Keesor claims he saw when he fired his gun. However, Officer Leung, who went into the attic

---

[1] Plaintiffs are also moving for the exclusion of all references to "suicide by cop," including with respect to all lay and expert witnesses, including, but not limited to, other defense experts such as Kris Mohandie, Ph.D., John Mendelson, M.D., Donald Cameron, Anthony Brass, Nikolas Lemos, Ph.D. and any other lay or expert witnesses called by the defense.
Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al, Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

1

immediately after the shooting to search for weapons, verbally announced that he located the eyeglass case in Mr. Sullivan's pocket. Sgt. Darren Choy heard Officer Leung's statement and informed homicide investigators about it shortly after incident. Officer Leung also reported that Mr. Sullivan's hands were empty and visible in his lap when he first checked him for weapons. Officer Keesor was still in the attic when Officer Leung made these observations. Officers later claimed the eyeglass case was found under Mr. Sullivan's arm, buried in the insulation on the attic floor. Not a single crime scene photograph taken by the San Francisco Police Department shows the eyeglass case in that location. Thus, a reasonable jury could conclude that the eyeglass case was planted there after the fact and it will be up to the jury to decide the issues regarding Defendants' inconsistent accounts and their credibility at trial.

Emily A. Keram, M.D., a psychiatrist, will be called by the defense to render an opinion to the effect that Mr. Sullivan was attempting "suicide by cop" during the subject incident, to offer opinions about his psychiatric diagnosis on June 6, 2006 and the "impact" of this diagnosis on his "adult functioning. Ex. 1.[2] None of these opinions are relevant to determining the issues of whether the officers are liable for warrantless entry and search of the residence; the reasonableness of the initial detention of Mr. Sullivan at gunpoint in the attic; and whether the officers' use of deadly force was objectively reasonable. Moreover, Dr. Keram's report is replete with highly prejudicial and otherwise inadmissible prior bad act and character evidence regarding Mr. Sullivan, his mother and father, since the time of Mr. Sullivan's birth. See, Ex. 1, 1-11.[3] Dr. Keram's testimony should be excluded at trial, as well as any other evidence,

---

[2] The defense also intends to call Kris Mohandie, Ph.D., a psychologist, and Donald Cameron, a police practices expert, to offer opinions about the officers' conduct during the incident in which it is also expected that they will refer to the incident as a purported "suicide by cop."

[3] If the court finds any of this evidence relevant to damages, the trial should be bifurcated and this evidence should be limited solely to the damage phase.

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al, Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

2

references and/or testimony, which refers to, or characterizes the subject incident as, a "suicide by cop," and the prior bad acts evidence on which this theory is allegedly based as discussed more fully below.

### III. ARGUMENT

**1. Dr. Keram's Testimony, References to "Suicide by Cop" and the Prior Bad Acts Evidence on Which Defendants' "Suicide by Cop" Theory is Based Should be Excluded at Trial**

FRE 402 provides that evidence which is not relevant is not admissible. "Relevant evidence" is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. F.R.E. 403 provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Ninth Circuit has held that "unfair prejudice" is the tendency "to suggest decision on an improper basis, commonly…an emotional one." *U.S. v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007)(*quoting* the Advisory Committee Notes to F.R.E. 403).

F.R.E. 404(a) and (b) also preclude the admission of prior bad acts to prove that a party acted in conformity with his alleged bad character on a later occasion.

F.R.E. 702 provides that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony under Rule 702 must be both relevant and reliable. *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 589 (1993). In deciding whether to permit expert testimony, the Court must act as a "gatekeeper," by making a determination of whether the expert's proposed testimony is reliable. *Elsayed Mukhtar v. Cal. State Univ. Hayward*, 299 F.3d

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al, Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

3

1053, 1063 (9th Cir. 2002), *amended by,* 319 F.3d 103 (9th Cir. 2003). Even where expert testimony is determined by the Court to be admissible, it may be excluded where its probative value is substantially outweighed by its prejudicial effect under F.R.E. 403.

Furthermore, "an expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors." *Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009), reversed on other grounds, __U.S.___, 131 S.Ct. 770 (2010), on remand, 634 F.3d 1238 (9th Cir. 2011); *see also United States v. Rushing*, 388 F.3d 1153, 1156 (8th Cir. 2004) ("Expert testimony should not be admitted when it is speculative, it is not supported by sufficient facts, or the facts of the case contradict or otherwise render the opinion unreasonable."); *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony that "was not sufficiently founded on the facts" of the case).

The proponent of the expert's testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). To meet this burden, the party presenting the expert must provide "some objective, independent validation of the expert's methodology" showing that the expert's findings are based on "sound science." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995), *cert. denied,* U.S. 869 (1995)(Proponent's failure to meet this burden warrants exclusion of the proffered expert testimony).

Dr. Keram's opinions and other evidence regarding "suicide by cop" are not relevant under FRE 401-402 because they do not make any facts on issues of consequence in this case more or less probable. For example, since the Defendants had no knowledge of Mr. Sullivan's prior life history when they entered the subject apartment without a warrant, Dr. Keram's opinions and the prior bad acts evidence on which the "suicide by cop" theory is based, are

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al,
Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

4

clearly not relevant to the determination of whether the warrantless entry and search violated the Fourth Amendment. This evidence is also not relevant to the question of whether the Defendants violated the Fourth Amendment by detaining Mr. Sullivan at gunpoint or by shooting him to death. As the Ninth Circuit noted in its decision in this case, Fourth Amendment claims are analyzed under an "objective reasonableness standard." *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2012), *cert. denied sub nom, Alvis v. Espinosa*, __U.S.__, 132 S. Ct. 1089 (2012). This standard balances the intrusion on the individual's Fourth Amendment rights against the government's interests to determine whether the officers' conduct was objectively reasonable based on a totality of the circumstances that confronted the officers when the force was used, not on 20/20 hindsight. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

As the Ninth Circuit noted in its decision in this case, "where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so." *Espinosa, supra,* quoting, *Tennesee v. Garner*, 471 U.S. 1, 11-12 (1985).

Whether or not Mr. Sullivan was attempting "suicide by cop" is simply not relevant to whether the force employed by the officers was objectively reasonable under the circumstances in this case. It will be up to the jury to determine the relative credibility of the inconsistent accounts of the shooting given by these three officers. Dr. Keram's opinion that Mr. Sullivan was attempting "suicide by cop," invades the province of the jury to make these credibility determinations. Where expert testimony would invade the province of the jury to make such credibility determinations, it should be excluded. See, *U.S. v. Binder*, 769 F.2d 595, 601-602 (9th Cir. 1985), *overruled in part on other grounds, U.S. v. Morales*, 108 F.3d 1031 (9th Cir. Cal. 1997).

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al, Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

Moreover, the facts of *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944-945 (9th Cir. 2009), a case where Dr. Keram was allowed to offer opinions about "suicide by cop," are substantially different from the instant one because the plaintiffs there placed the decedent's motive at issue by claiming he was trying to surrender and was unable to comply with the officers' orders because of his physical disabilities when he was killed. *Boyd, supra,* at 944-945. Unlike the instant case, there were independent civilian witnesses who corroborated the officers' accounts and the case did not involve fundamental discrepancies about the shooting incident itself, such as is the case here. Moreover, there was compelling evidence in *Boyd* that the decedent posed an immediate threat that he would kill or seriously injure someone, which included the decedent firing a gun at police before the stop; driving his car at police officers in a provocative manner; brandishing a gun and attempting two kidnappings on the day of the incident. A copy of Dr. Keram's Rule 26 report in *Boyd* is attached hereto as Exhibit 2. While Dr. Keram claimed that there was a "high bar" for determining whether a specific case involved "suicide by cop" that was based on "strict" requirements in studies she cited in support of her opinions in that case (*Boyd*, 576 F.3d at 946), it appears she substantially lowered that bar here, where she does not refer to any "strict studies" for the opinions in her Rule 26 report and where she has chosen to ignore significant discrepancies in the officers' accounts about the shooting which raise serious questions about whether Mr. Sullivan simulated pointing a weapon at all. Given these facts, Dr. Keram's testimony, references to "suicide by cop" and the prior bad acts evidence on which it is based will not assist the trier of fact to understand this evidence or determine a fact in issue and her opinions are highly speculative given the disputed facts about the shooting incident itself. Moreover, this evidence is highly prejudicial and is likely to inflame the jury to the point where there is a credible danger that it will decide the case based on an

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al, Espinosa v. City and County of San Francisco, Case No.   C06-04686 JSW

6

improper basis, including its emotional response to this evidence, rather than on the objective facts confronting the officers at the time they resorted to the use of deadly force against Mr. Sullivan. In addition, the admission of prior bad acts evidence in support of this theory involving Mr. Sullivan and his family members since the time of his birth will unnecessary waste of the Court's time and resources because it will essentially require "mini trials" as to the underlying admissibility of this evidence. As a result, this evidence should be excluded at trial under FRE 403.

Accordingly, Plaintiffs respectfully move the Court to exclude all references to "suicide by cop" and the prior bad acts evidence on which it is based, including through the testimony of any lay or expert witnesses, including Dr. Keram. To the extent that this evidence has any relevancy to the issue of damages, which Plaintiffs dispute, it should only be admitted during the damage phase of a bifurcated trial to avoid undue prejudice to Plaintiffs that would deprive them of a fair trial on the merits of their claims.

Dated: March 4, 2013

_____/S/_____
Benjamin Nisenbaum
Attorney for Plaintiffs

Plaintiffs' Motion in Limine No. 1 to Exclude Testimony of E. Keram, Suicide by Cop, et al,
Espinosa v. City and County of San Francisco, Case No. C06-04686 JSW

7