1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  BLAKE P. LOEBS, State Bar #145790
   Chief of Civil Rights Litigation
4  PETER J. KEITH, State Bar #206482
   Deputy City Attorney
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:     (415) 554-3868 – Loebs
   Telephone:     (415) 554-3908 - Keith
7  Facsimile:     (415) 554-3837
   E-Mail:        blake.loebs@sfgov.org
8  E-Mail:        peter.keith@sfgov.org
   Attorneys for Defendant
9  CITY AND COUNTY OF SAN FRANCISCO
   HEATHER FONG, in her official capacity,
10 JOHN KEESOR, MICHELLE ALVIS and PAUL MORGADO

11
   JOHN L. BURRIS, State Bar No. 69888
12 BENJAMIN NISENBAUM, State Bar No. 222173
   The Law Offices of John L. Burris
13 7677 Oakport Street, Suite 1120
   Oakland, CA 94621
14 Telephone:     (510) 839-5200
   Facsimile:     (510) 839-3882
15 E-Mail:        bnisenbaum@gmail.com
   Attorneys for Plaintiffs
16 KATHLEEN ESPINOSA, individually and as personal representative
   of the Estate of decedent ASA SULLIVAN,
17 A.S., By and through his Guardian ad Litem, NICOLE GUERRA

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20 KATHLEEN ESPINOSA, as a personal          Case No. C06-04686 JSW
   representative of the Estate of decedent ASA
21 SULLIVAN; A.S., by and through his
   Guardian ad Litem, NICOLE GUERRA,         JOINTLY SUBMITTED [PROPOSED]
22                                           SUBSTANTIVE JURY INSTRUCTIONS,
          Plaintiffs,                        REVISED 4/15/13
23
          vs.
24                                           Hearing Date:    November 4, 2013
   CITY AND COUNTY OF SAN                    Hearing Judge:   Hon. Jeffrey S. White
25 FRANCISCO, HEATHER FONG, in her           Time:            2:00 PM
   capacity as Chief of Police; JOHN KESSOR, Place:           Courtroom 11, 19th Floor
26 MICHELLE ALVIS and PAUL MORGADO,                           San Francisco
   et al.,
27                                           Trial Date:      December 2, 2013
          Defendants.
28

Joint [Proposed] Jury Instructions (Rev. 4/15/13)                    n:\lit\li2012\061556\00840712.doc
CASE NO. C06-04686 JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

INTRODUCTORY STATEMENT ...................................................................................1

PRELIMINARY INSTRUCTIONS ...............................................................................1

Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Defendants ...............2

Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Plaintiffs ...................3

CLOSING INSTRUCTIONS ........................................................................................4

Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Defendants ...............5

Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Plaintiffs ...................6

Disputed Instruction No. 3 Re: CONSCIOUSNESS OF GUILT—FALSEHOOD Offered by Plaintiffs ...................................................................................................................7

Disputed Instruction No. 3 Re: CONSCIOUSNESS OF GUILT—FALSEHOOD Defendants Oppose ....................................................................................................................8

Disputed Instruction No. 4 Re: EFFORTS BY PARTY TO FABRICATE EVIDENCE Offered by Plaintiffs .............................................................................................................9

Disputed Instruction No. 4 Re: EFFORTS BY PARTY TO FABRICATE EVIDENCE Defendants Oppose .................................................................................................10

Disputed Instruction  No. 5 Re: WITNESS WILLFULLY FALSE Offered by Plaintiffs............11

Disputed Instruction  No. 5 Re: WITNESS WILLFULLY FALSE Defendants Oppose .............12

Disputed Instruction No. 6 Re: WILLFUL SUPPRESSION OF EVIDENCE Offered by Plaintiffs .................................................................................................................13

Disputed Instruction No. 6 Re: WILLFUL SUPPRESSION OF EVIDENCE Defendants Oppose ....................................................................................................................14

Stipulated Instruction No. 9 Re: EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS .....................................................................................................................15

Disputed Instruction No. 9.1 Re: Introductory Section 1983 Instruction Offered by Defendants 16

Disputed Instruction No. 9.1 Re: Introductory Section 1983 Instruction Offered by Plaintiffs....17

Disputed Instruction No. 9.2 Re: Claim Against Defendant In Individual Capacity – Elements And Burden of Proof & Discussion of Special Verdict Form Offered by Defendants.................18

Disputed Instruction No. 9.2 Re: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF Offered by Plaintiffs.20

Disputed Instruction No. 10 Re: Liability of Each Individual Determined Separately Offered by Defendants ...............................................................................................................21

Disputed Instruction No. 10a Re: Failure to Intervene – Entry and Search Offered by Plaintiffs 22

Disputed Instruction No. 10b Re: Failure to Intervene – Use of Force – Pointing of Firearms Offered by Plaintiffs ...............................................................................................23

Disputed Instruction No. 10c Re: Failure to Intervene – Use of Force – Deadly Force Offered by Plaintiffs ...........................................................................................................25

Disputed Instruction No. 10d Re: Failure to Intervene – Use of Force – Deadly Force Offered by Plaintiffs ..................................................................................................................27

Stipulated Instruction Re: 9.8 CAUSATION ........................................................................29

Disputed Instruction No. 11 Re: Causation: Substantial Factor Offered by Plaintiffs .................30

Disputed Instruction No. 11 Re: Causation: Substantial Factor Defendants Oppose....................31

Disputed Instruction No. 9.11 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT UNREASONABLE SEARCH—GENERALLY Offered by Plaintiffs ...........................................32

Disputed Instruction No. 9.11 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEARCH—GENERALLY Offered by Defendants....................................33

Disputed Instruction No. 12 Re: Actual Abandonment Offered by Defendants .........................35

Disputed Instruction No. 12 Re: Actual Abandonment Offered by Plaintiffs .............................37

Disputed Instruction No. 13 Re: Legitimate Expectation of Privacy Offered by Defendants.......38

Disputed Instruction No. 13 Re: Legitimate Expectation of Privacy Offered by Plaintiffs ..........40

Disputed Instruction No. 14 Re: Legitimate Expectation of Privacy In The Entry Area Of 2 Garces Offered by Defendants......................................................................................41

Disputed Instruction No. 14 Re: Legitimate Expectation of Privacy In The Entry Area Of 2 Garces ......................................................................................................................42

Disputed Instruction No. 15 Re: Apparent Abandonment Offered by Defendants ......................43

Disputed Instruction No. 15 Re: Apparent Abandonment.........................................................44

Disputed Instruction No. 16 Re: Qualified Immunity Special Interrogatories Re: Apparent Abandonment Offered by Defendants ...........................................................................45

Disputed Instruction No. 16 Re: Qualified Immunity Special Interrogatories Re: Apparent Abandonment Plaintiffs Oppose ....................................................................................46

Disputed Instruction No. 9.15 Re: Emergency Exception Offered by Plaintiffs..........................47

Disputed Instruction No. 9.15 Re: Emergency Exception Offered by Defendants .......................49

Disputed Instruction No. 18 Re: Qualified Immunity Special Interrogatories Concerning the Emergency Exception Offered by Defendants ...............................................................51

Disputed Instruction No. 18 Re: Qualified Immunity Special Interrogatories  Concerning the Emergency Exception Plaintiffs Oppose ........................................................................52

Disputed Instruction No. 19 Re: Provoking a Confrontation Offered by Plaintiffs ....................53

Disputed Instruction No. 19 Re: Provoking a Confrontation Offered by Defendants...................54

Disputed Instruction No. 19.5 Re: Recklessness Offered By Plaintiffs ......................................55

Disputed Instruction No. 19.5 Re: Definition of "Intentionally Provoking" And "Recklessly Provoking A Violent Confrontation" Offered by Defendants ...........................................56

Disputed Instruction No. 21 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Entry Offered by Defendants ................................................................57

Disputed Instruction No. 21 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Entry Plaintiffs Oppose........................................................................58

Disputed Instruction No. 9.18 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY Offered by Plaintiffs ................59

Disputed Instruction No. 9.18 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY Defendants Oppose ..................60

Disputed Instruction No. 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE Offered by Plaintiffs ....................................................................61

Disputed Instruction No. 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE Offered by Defendants...........................................................63

Disputed Instruction No. 24 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm Offered by Defendants ..............................................65

Disputed Instruction No. 24 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm Plaintiffs Oppose ...............................................66

Disputed Instruction No. 25 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm – Butterfly Knife Offered by Defendants.......................67

Disputed Instruction No. 25 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm – Butterfly Knife Plaintiffs Oppose..................................68

Disputed Instruction No. 27 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Pointing A Firearm Offered by Defendants..........................................69

Disputed Instruction No. 27 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Pointing A Firearm Plaintiffs Oppose................................................70

Disputed Instruction No. 29 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Deadly Force Offered by Defendants .....................................................71

Disputed Instruction No. 29 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Deadly Force Plaintiffs Oppose....................................................72

Disputed Instruction No. 31 Re: Officers' Split-Second Judgments Offered by Defendants .......73

Disputed Instruction No. 31 Re: Officers' Split-Second Judgments Plaintiffs Oppose ...............74

Disputed Instruction No. 34 Re: No Duty To Retreat Offered by Defendants.............................75

Disputed Instruction No. 34 Re: No Duty To Retreat Plaintiffs Oppose......................................76

Disputed Instruction No. 35 Re: Tactical Decisions Offered by Defendants ...............................77

Disputed Instruction No. 35 Re: Tactical Decisions Plaintiffs Oppose........................................78

Disputed Instruction No. 36 Re: Limiting Instruction Regarding Information Known After The Fact Offered by Defendants ........................................................................79

Disputed Instruction No. 36 Re: Limiting Instruction Regarding Information Known After The Fact Plaintiffs Oppose..............................................................................80

Disputed Instruction No. 37 Re: Limiting Instruction Regarding Information About Asa Sullivan's Background And History Offered By Plaintiffs ........................................81

Disputed Instruction No. 37 Re: Limiting Instruction Regarding Information About Asa Sullivan's Background And History Defendants Oppose ...........................................................82

Disputed Instruction No. 38 Re: State Law Assault Offered by Plaintiff......................................83

Disputed Instruction No. 38 Re: State Law Assault Defendants Oppose......................................84

Disputed Instruction No. 39 Re: State Law Battery By A Police Officer Offered By Plaintiff ....85

Disputed Instruction No. 39 Re: State Law Battery By A Police Officer Defendants Oppose ......87

Disputed Instruction No. 40 Re: State Law Civil Code 52.1 Claim Offered by Plaintiff .............88

Disputed Instruction No. 40 Re: State Law Civil Code 52.1 Claim Defendants Oppose..............90

Disputed Instruction No. 41 Re: State Law Negligence Claim Offered by Plaintiff.....................91

Disputed Instruction No. 41 Re: State Law Negligence Claim Defendants Oppose......................92

Disputed Instruction No. 42 Re: Reliance On Good Conduct of Others Offered by Plaintiff .......93

Disputed Instruction No. 42 Re: Reliance On Good Conduct of Others Defendants Oppose........94

Stipulated Instruction No. 5.1 Re: Damages.................................................................................95

Disputed Instruction No. 43 Re: Civil Code Section 52.1 Civil Penalties Offered By Plaintiffs..97

Disputed Instruction No. 43 Re: Civil Code Section 52.1 Civil Penalties Defendants Oppose ....98

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTORY STATEMENT**

At the April 1, 2013 pretrial conference, the Court ordered the parties to meet and confer further regarding jointly proposed jury instructions.  The parties have done so and were able to reduce the number of disputed instructions.  The parties' revised proposed instructions are attached.  Because the parties have withdrawn several disputed instructions, some instruction numbers are skipped.  This was intentional.

**PRELIMINARY INSTRUCTIONS**

Per Judge White's Order ¶2(a.) ("Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases"), the parties provide the following numerical list of stipulated, Ninth Circuit Manual of Model Jury Instructions (Civil): Preliminary: 1.1B, 1.3, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.14, 1.15, 1.18, 1.19.  Per the Court's Order, we will provide the full text on CD ROM.

The only disputed preliminary instruction is 1.2.  The parties' disputed versions are below.

The closing instructions follow.

**Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Defendants**
(Model Instruction – Modified)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The **Plaintiffs claim** that **the Defendant officers unlawfully entered 2 Garces in violation of Mr. Sullivan's rights under the Fourth Amendment to the United States Constitution.  The Plaintiffs also claim that the Defendant officers used unreasonable force against Mr. Sullivan in violation of the Fourth Amendment to the United States Constitution and California law.  The Plaintiffs** have the burden of proving these claims.

**The Defendant officers deny these claims, maintaining that their entry was lawful and the force that they used was lawful.**

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions (2007) No. 1.2.

*Modifications*: Defendants filled in bracketed text with general statements of the claims.

**Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Plaintiffs**
(Model Instruction – Modified)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The **Plaintiffs claim** that **Officers Morgado, Keesor and/or Alvis violated Asa Sullivan's rights under the Fourth Amendment of the United States Constitution and California law by unreasonably entering and searching a residence at 2 Garces in San Francisco without a warrant, pointing firearms at Mr. Sullivan, and by shooting and killing Mr. Sullivan. Mr. Sullivan's son, minor plaintiff A.S., who is Mr. Sullivan's sole heir, also brings a claim for wrongful death of his father.** The plaintiffs have the burden of proving these claims.

**The defendants deny these claims, maintaining their entry was reasonable and the force they used was reasonable**. The defendants have the burden of proving their affirmative defenses. Plaintiffs deny defendants' affirmative defenses.

*Source:* Ninth Circuit Manual of Model Jury Instructions (2007) 1.2.

*Modifications:* Plaintiffs' and Defendants' claims generally stated.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLOSING INSTRUCTIONS**

Per Judge White's Order ¶2(a.) ("Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases"), the parties provide the following numerical list of stipulated, Ninth Circuit Manual of Model Jury Instructions (Civil), modified for the case: Closing: 1.1C, 1.3, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.14, 1.18, 2.2, 2.4, 2.5, 2.8, 2.10, 2.11, 2.13, 3.1, 3.1A, 3.2,  and 3.3.  Per the Court's Order, we will provide the full text on CD ROM.

The parties' disputed instructions, and stipulated substantive instructions, are below.

The parties' disputed versions of No. 1.2 are the same as those provided above.

**Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Defendants**
(Model Instruction – Modified)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The **Plaintiffs claim** that **the Defendant officers unlawfully entered 2 Garces in violation of Asa Sullivan's rights under the Fourth Amendment to the United States Constitution. The Plaintiffs also claim that the Defendant officers used unreasonable force against Mr. Sullivan in violation of the Fourth Amendment to the United States Constitution and California law. The Plaintiffs** have the burden of proving these claims.

**The Defendant officers deny these claims, maintaining that their entry was lawful and the force that they used was lawful.**

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions (2007) No. 1.2.

*Modifications*: Defendants filled in bracketed text with general statements of the claims.

**Disputed Instruction No. 1.2 Re: CLAIMS AND DEFENSES Offered By Plaintiffs**

(Model Instruction – Modified)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs claim that Officers Morgado, Keesor and/or Alvis violated Asa Sullivan's rights under the Fourth Amendment of the United States Constitution and California law by unreasonably entering and searching a residence at 2 Garces in San Francisco without a warrant, pointing firearms at Mr. Sullivan, and by shooting and killing Mr. Sullivan. Mr. Sullivan's son, minor plaintiff A.S., who is Mr. Sullivan's sole heir, also brings a claim for wrongful death of his father. The plaintiffs have the burden of proving these claims.

**The defendants deny these claims, maintaining their entry was reasonable and the force they used was reasonable**. The defendants have the burden of proving their affirmative defenses. Plaintiffs deny defendants' affirmative defenses.

_Source:_ Ninth Circuit Manual of Model Jury Instructions (2007) 1.2

_Modifications:_ Plaintiffs' and Defendants' claims generally stated.

**Disputed Instruction No. 3 Re: CONSCIOUSNESS OF GUILT—FALSEHOOD Offered by Plaintiffs**

If you find that before this trial a party made a willfully false or deliberately misleading statement concerning the incident, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove liability.  The weight and significance of this evidence, if any, are for you to decide.

_Source_:  CALJIC 2.03 (modified for civil case), California Jury Instructions, Criminal, 7th Ed.

**Disputed Instruction No. 3 Re: CONSCIOUSNESS OF GUILT—FALSEHOOD Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 4 Re: EFFORTS BY PARTY TO FABRICATE EVIDENCE Offered by Plaintiffs**

  If you find that a party attempted to or did fabricate evidence to be produced at the trial, that conduct may be considered by you as a circumstance tending to show a consciousness of guilt. However, that conduct is not sufficient by itself to prove liability and its weight and significance, if any, are for you to decide.

  *Source*: CALJIC 2.04 (modified for civil case), California Jury Instructions, Criminal, 7th Ed.

**Disputed Instruction No. 4 Re: EFFORTS BY PARTY TO FABRICATE EVIDENCE**
**Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

1

2

**Disputed Instruction  No. 5 Re: WITNESS WILLFULLY FALSE Offered by Plaintiffs**

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

*Source*:  CALJIC 2.21.2, California Jury Instructions, Criminal, 7th Ed.

**Disputed Instruction  No. 5 Re: WITNESS WILLFULLY FALSE Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 6 Re: WILLFUL SUPPRESSION OF EVIDENCE Offered by Plaintiffs**

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

*Source*:  CACI 204

**Disputed Instruction No. 6 Re: WILLFUL SUPPRESSION OF EVIDENCE Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

1

**Stipulated Instruction No. 9 Re: EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS**

2

      The law allows expert witnesses to be asked questions that are based on assumed facts. These

3

are sometimes called "hypothetical questions."

4

      In determining the weight to give to the expert's opinion that is based on the assumed facts, you

5

should consider whether the assumed facts are true.

6

*Source*:  CACI 220.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 9.1 Re: Introductory Section 1983 Instruction Offered by Defendants**

(Model Instruction – Modified)

**The Estate of Asa Sullivan** brings **its claims** under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2007) No. 9.1.

*Modification*: Identifies Estate as section 1983 plaintiff, uses plural "claims."

**Disputed Instruction No. 9.1 Re: Introductory Section 1983 Instruction Offered by Plaintiffs**

(Model Instruction – Modified)

The plaintiffs, the Estate of Asa Sullivan and his son, minor Plaintiff A.S., bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.1

**Disputed Instruction No. 9.2 Re: Claim Against Defendant In Individual Capacity – Elements And Burden of Proof & Discussion of Special Verdict Form Offered by Defendants**

Model Instruction – Modified)

In order to prevail on **each of the Estate's** § 1983 clai**m**s against **each of** the **defendants Officer  Alvis, Officer Keesor, and Officer  Morgado,** the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the act of the defendant deprived **Mr. Sullivan** of **his** particular rights under **the United States Constitution** as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. **The parties have stipulated that the defendant officers acted under color of law.**

**You will be given a special verdict form that contains several different questions.  You may not end up having to consider every question on the special verdict form; you should follow the instructions on the special verdict form regarding what questions to consider.  These instructions that I am about to give you tell you the law that you must follow in answering those questions on the special verdict form.  Even though it may happen that you do not need to consider a question on the special verdict form, I still must give you the instructions that would apply to each question, in case you do have to answer it.**

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2007) No. 9.2.

*Modifications*: Boldfaced language used to identify the Estate as the plaintiff and the fact that there are multiple section 1983 claims against multiple defendants; also notes that defendants stipulate to the officers acting under color of law.

The last paragraph of the model instruction is omitted and replaced by a discussion of the special verdict form.  The last paragraph of the model instruction instructs the jury to return a single verdict on a single 1983 claim. But here, the jury will be returning special verdicts on several different issues regarding several different claims against three different defendants.  (Omitted language is: "If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all

the elements [he] [she] is required to prove under Instruction [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.")

**Disputed Instruction No. 9.2 Re: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF Offered by Plaintiffs**

(Model Instruction – Modified)

In order to prevail on their § 1983 claim against the defendants, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of the defendants deprived the plaintiffs of their particular rights under the Laws of the United States and the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendants acted under color of law.]

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.2.

1

2

**Disputed Instruction No. 10 Re: Liability of Each Individual Determined Separately Offered by Defendants**

3

4

        Plaintiffs have sued multiple members of the San Francisco Police Department as defendants

and alleged that each individual violated Mr. Sullivan's constitutional rights.  You must evaluate the

alleged liability of each officer separately.  You are not permitted to hold an individual liable simply

because he was present at the scene of the alleged unlawful conduct.  Instead, you may hold a

particular individual liable only if you find that the plaintiff has proven that the individual personally

participated in the alleged conduct – in other words, that the individual's own conduct violated Mr.

Sullivan's rights.

        You have heard references to a governmental entity, the City and County of San Francisco, in

relation to this case.  However, you are not being asked to render a verdict regarding any conduct by

the City, the police department, City policy makers, or City employees other than the individual

defendants in this case, which are Officer Alvis, Officer Keesor, and Officer Morgado.  Any views or

judgments you may have concerning the City, the police department or any other City employees,

related to this case, must not affect your verdicts regarding the individual defendants.

        *Source*:  *Jones v. Williams*, 297 F.3d 934-35 (9th Cir. 2002); *Chuman v. Wright*, 76 F.3d 292,

293 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); Ninth Circuit Model Civil

Jury Instruction 9.2 (2007), Comment ("In order to individually liable under §1983, an individual must

personally participate in an alleged rights deprivation.") (citing *Jones*, 297 F.3d at 934-937)); Court's

MSJ Order (dismissing all claims against the City except respondeat superior liability).

**Disputed Instruction No. 10a Re: Failure to Intervene – Entry and Search Offered by Plaintiffs**

**7.16 FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS:**
**CLAIM FOR FAILURE OF "BYSTANDER" OFFICER**
**TO INTERVENE – ELEMENTS [ENTRY AND SEARCH]**

To succeed on **a** failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. **Officers Morgado, Alvis and/or Keesor unreasonably entered and/or searched 2 Garces without a warrant ;**

2. **Officers Morgado, Alvis and/or Keesor knew that one or more of the officers was about to unreasonably enter and/or search 2 Garces without a warrant;**

3. **Officers Morgado, Alvis and/or Keesor** had a realistic opportunity to do something to prevent harm from occurring;

4. **Officers Morgado, Alvis and/or Keesor** failed to take reasonable steps to prevent harm from occurring;

5. **The failure to act by Officers Morgado, Alvis and/or Keesor** caused Asa Sullivan to suffer harm;

[6. Defendant acted under color of law**- omitted because this fact is stipulated**].

[If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.**- omitted because this is one alternative theories on which defendants may be held individually liable under 42 U.S.C. Section 1983 for the entry and search of 2 Garces**].

Source: 7th Circuit Model Civil Instruction No. 7.16 as modified.

Citation: *Uganda Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-1160 (N.D. Cal. 2009).

**Disputed Instruction No. 10b Re: Failure to Intervene – Use of Force – Pointing of Firearms Offered by Plaintiffs**

**7.16 FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS:**

**CLAIM FOR FAILURE OF "BYSTANDER" OFFICER**

**TO INTERVENE – ELEMENTS [USE OF FORCE – POINTING OF FIREARMS]**

To succeed on **a** failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. **Officers Morgado, Alvis and/or Keesor subjected Asa Sullivan to the use of unreasonable force by the pointing of one or more firearms at him;**

2. **Officers Morgado, Alvis and/or Keesor knew that one or more of the officers did and/or was about to unreasonably subject Asa Sullivan to the use of unreasonable force by the point of one or more firearms at him;**

3. **Officers Morgado, Alvis and/or Keesor** had a realistic opportunity to do something to prevent harm from occurring;

4. **Officers Morgado, Alvis and/or Keesor** failed to take reasonable steps to prevent harm from occurring;

5. **The failure to act by Officers Morgado, Alvis and/or Keesor** caused Asa Sullivan to suffer harm;

[6. Defendant acted under color of law**- omitted because this fact is stipulated**].

[If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.**- omitted because this is one alternative theories on which defendants may be held individually liable under 42 U.S.C. Section 1983 for the entry and search of 2 Garces**].

Source: 7th Circuit Model Civil Instruction No. 7.16 as modified.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Citation: *Uganda Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-1160 (N.D. Cal. 2009).

**Disputed Instruction No. 10c Re: Failure to Intervene – Use of Force – Deadly Force Offered by Plaintiffs**

**7.16 FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS:**

**CLAIM FOR FAILURE OF "BYSTANDER" OFFICER**

**TO INTERVENE – ELEMENTS [USE OF FORCE – PROVOKING A VIOLENT CONFRONTATION]**

To succeed on **a** failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. **Officers Alvis and/or Keesor subjected Asa Sullivan to the unreasonable use of deadly force;**

2. **Officers Morgado, Alvis and/or Keesor knew that one or more of the officers did and/or was about to subject Asa Sullivan to the use of unreasonable deadly force;**

3. **Officers Morgado, Alvis and/or Keesor** had a realistic opportunity to do something to prevent harm from occurring;

4. **Officers Morgado, Alvis and/or Keesor** failed to take reasonable steps to prevent harm from occurring;

5. **The failure to act by Officers Morgado, Alvis and/or Keesor** caused Asa Sullivan to suffer harm;

[6. Defendant acted under color of law**- omitted because this fact is stipulated**].

[If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.**- omitted because this is one alternative theories on which defendants may be held individually liable under 42 U.S.C. Section 1983 for the entry and search of 2 Garces**].

Source: 7th Circuit Model Civil Instruction No. 7.16 as modified.

1    Citation: *Uganda Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-1160 (N.D. Cal.

2    2009).

**Disputed Instruction No. 10d Re: Failure to Intervene – Use of Force – Deadly Force Offered by Plaintiffs**

**7.16 FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS:**

**CLAIM FOR FAILURE OF "BYSTANDER" OFFICER**

**TO INTERVENE – ELEMENTS [USE OF FORCE – PROVOKING A VIOLENT CONFRONTATION]**

To succeed on **a** failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. **Officers Morgado, Alvis and/or Keesor intentionally and/or recklessly provoked a violent confrontation with Asa Sullivan after one or more of them entered and/or searched 2 Garces without a warrant and/or unreasonably pointed one and/or more firearms at Asa Sullivan;**

2. **Officers Morgado, Alvis and/or Keesor knew that one or more of the officers did and/or was about to provoke a violent confrontation with Asa Sullivan;**

3. **Officers Morgado, Alvis and/or Keesor** had a realistic opportunity to do something to prevent harm from occurring;

4. **Officers Morgado, Alvis and/or Keesor** failed to take reasonable steps to prevent harm from occurring;

5. **The failure to act by Officers Morgado, Alvis and/or Keesor** caused Asa Sullivan to suffer harm;

[6. Defendant acted under color of law**- omitted because this fact is stipulated**].

[If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.- **omitted because this is one alternative theories on which defendants may be held individually liable under 42 U.S.C. Section 1983 for the entry and search of 2 Garces**].

Source: 7th Circuit Model Civil Instruction No. 7.16 as modified.

1          Citation: *Uganda Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-1160 (N.D. Cal.

2    2009).

**Stipulated Instruction Re: 9.8 CAUSATION**

(Model Instruction – Modified)

In order to establish that the acts of the defendants, PAULO MORGADO, JOHN KEESOR, and MICHELLE ALVIS, deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.8.

*Modifications*: Modifies bracketed text based on the parties and claims in the case.

**Disputed Instruction No. 11 Re: Causation: Substantial Factor Offered by Plaintiffs**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

*Source:*  CACI 430.

**Disputed Instruction No. 11 Re: Causation: Substantial Factor Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 9.11 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT UNREASONABLE SEARCH—GENERALLY Offered by Plaintiffs**

(Model Instruction – Modified)

As previously explained, the plaintiff has the burden to prove that the acts of the defendants PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS deprived the plaintiff of particular rights under the United States Constitution. **In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the defendants entered and searched 2 Garces Drive on June 6, 2006 without a search warrant.**

Under the Fourth Amendment, a person has the right to be free from an unreasonable entry and search of a **private residence where he is a guest**. In order to prove the defendants deprived **Mr. SULLIVAN** of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS entered the private residence where Mr. SULLIVAN was a guest.

2. n entering **the residence**, PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS **intended to conduct the search**; and

3. the search was unreasonable.

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to search the plaintiff's [person] [residence] [vehicle] [other]. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.]

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.11

*Modifications*:  Language around intent clarified to avoid confusion, summary of claims.

**Disputed Instruction No. 9.11 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEARCH—GENERALLY Offered by Defendants**

(Model Instruction – Modified)

As previously explained, the plaintiff has the burden to prove that the acts of **each individual defendant, Officer Alvis, Officer Keesor, and Officer Morgado**, deprived **Mr. Sullivan** of particular rights under the United States Constitution. In this case, the plaintiff alleges **each of the individual defendants** deprived **Mr. Sullivan** of **his** rights under the Fourth Amendment to the Constitution when **each of them entered 2 Garces.**

Under the Fourth Amendment, a person has the right to be free from an unreasonable search**.** In order to prove **each defendant** deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following **[]** elements by a preponderance of the evidence:

   **1. That Mr. Schank and Mr. Gudor did not abandon 2 Garces before June 6, 2006;**

   **2. That Mr. Sullivan had a legitimate expectation of privacy;**

   **3**. **That** the defendant searched **2 Garces**;

   **4**. in conducting the search, the defendant acted intentionally;

   and

   **5**. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, **to prove that a defendant acted intentionally in conducting the search,** the plaintiff must prove that the defendant meant to search **2 Garces.**  Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 9.11

*Modifications*: 1.   Bracketed language changed to identify plaintiff and defendants.

1       2.      Neutral term "2 Garces" is substituted for terms like "Sullivan's

2   residence" or "private residence where Sullivan was an overnight guest," because Sullivan's status at 2

3   Garces is disputed.

4       3.      Elements 1 and 2 are added because these are disputed facts in this case;

5   elements 3, 4, and 5 are renumbered.

6       4.      Clarifies that the analysis applies to each individual defendant

7   separately, in light of the different entries and different reasonableness analyses for different officers.

8       5.      Defendants include the instruction's definition of "intentional."  In

9   addition, Defendants have added the phrase in boldface to clarify what "intentional" means for

10  purposes of this particular instruction (*i.e.*, whether the search was intentional).  This phrase helps

11  avoid confusion with what "intentional" means for purposes of the later instruction regarding

12  "provoking a confrontation" (disputed instruction no. 19), which requires that the jury find that an

13  officer "intentionally or recklessly provok[ed] a violent confrontation."  An intention to conduct a

14  search is different from an intention to provoke a violent confrontation.

**Disputed Instruction No. 12 Re: Actual Abandonment Offered by Defendants**

The Plaintiff Estate of Asa Sullivan makes a claim that each of the three defendant officers violated Mr. Sullivan's Fourth Amendment right to be free from unreasonable searches when they entered 2 Garces.  In order for plaintiff to make a Fourth Amendment claim regarding the officers' entries into 2 Garces, plaintiff must prove by a preponderance of the evidence that Jarrett Schank and Bryant Gudor did not abandon their lease at 2 Garces before June 6, 2006.

In determining whether Mr. Schank and Mr. Gudor abandoned their lease at 2 Garces before June 6, 2006, you must determine whether Mr. Schank and Mr. Gudor demonstrated an intent to abandon 2 Garces before that date.  In determining whether they demonstrated an intent to abandon 2 Garces, you should consider their words, actions, and other objective facts.  You should consider the totality of the circumstances as of June 6, 2006.

Factors that you should consider include but are not limited to: Mr. Schank and Mr. Gudor's communications with the landlord, payment or nonpayment of rent, whether they maintained security or control regarding the occupancy and use of 2 Garces, conditions at 2 Garces, how 2 Garces was being used and who was using it, whether they were living elsewhere, whether they moved their personal property elsewhere, their statements or declarations about where they resided, and any other objective facts that logically bear on their intentions.

The legal status of the lease at 2 Garces under California or San Francisco law does not control the question of abandonment; however, you may consider any legal or other formal actions taken by Mr. Gudor or Mr. Schank regarding 2 Garces as part of your analysis whether they intended to abandon 2 Garces before June 6, 2006.

Any statements that Mr. Schank or Mr. Gudor may have made after June 6, 2006 concerning their subjective intentions may be considered by you along with the other objective facts, but are not controlling.

<u>Source</u>: *Abel v. United States*, 362 U.S. 217, 241 (1960); *Zimmerman v. Bishop's Estate*, 25 F.3d 784, 787-88 (9th Cir. 1994); *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986); *United States v. Sledge*, 650 F.2d 1075, 1079-80 (9th Cir. 1981); *United States v. Cella*, 568 F.2d 1266, 1283 (1977); *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976); *United States v.*

*Wilson*, 472 F.2d 901, 902 (9th Cir. 1972); *see also United States v. Harrison*, 689 F.3d 301, 311 n.4 (3d Cir. 2012) *cert. denied*, 12-8697, 2013 WL 529608 (U.S. Mar. 18, 2013); *United States v. Hoey*, 983 F.2d 890, 892 (8th Cir. 1993); *United States v. Levasseur*, 816 F.2d 37, 44 (2d Cir. 1987).

**Disputed Instruction No. 12 Re: Actual Abandonment Offered by Plaintiffs**

Tenants of a rental premises and their guests lose standing to contest a warrantless entry and search of a rental premises by the police under the Fourth Amendment to the United States Constitution if all of the tenants abandoned the premises prior to the search.

Abandonment of a residential premises occurs where the tenants have voluntarily and permanently left the premises behind, relinquished all interest in the premises and no longer had any reasonable expectation of privacy in the premises.

If the premises were leased by more than one tenant, all of the tenants must have abandoned the premises in order to find that all of the tenants and their guests have lost standing to contest a warrantless entry and search of the premises by the police.

Abandonment is primarily a question of intent.  Intent by the tenants of a residential premises to abandon a premises may be determined based on words, acts, and other objective facts tending to show that the tenants voluntarily and permanently left the premises behind, relinquished all interest in the premises and no longer had any reasonable expectation of privacy in the premises.

Abandonment is an affirmative defense to a claim arising from the warrantless entry and search of a premises by the police.  Therefore, the Defendants have the burden of proving by a preponderance of the evidence that the premises was abandoned by all of the tenants prior to the entry and search of 2 Garces in order to find that the guests of the premises, including Asa Sullivan, lost standing to contest the warrantless entry and search of 2 Garces by the Defendants.

_Source_: _United States v. Jackson_, 544 F.2d 407, 409 (9th Cir. 1976) (citing _Abel v. United States_, 362 U.S. 217, 240-41 (1960));  _United States v. Sledge_, 650 F.2d 1075, 1077 (9th Cir. 1981); _United States v. Veatch_, 674 F.2d 1217, 1220-21 (9th Cir. 1991); _United States v. Stephens_, 206 F.3d 914, 916-917 (9th Cir. 2000).

**Disputed Instruction No. 13 Re: Legitimate Expectation of Privacy Offered by Defendants**

The Plaintiff Estate makes a claim that each of the three defendant officers violated Mr. Sullivan's Fourth Amendment right to be free from unreasonable searches when they entered 2 Garces.  In order for plaintiff to make a Fourth Amendment claim regarding the officers' entering 2 Garces, plaintiff also must prove by a preponderance of the evidence that Sullivan had a legitimate expectation of privacy at 2 Garces on June 6, 2006.  To establish a legitimate expectation of privacy, plaintiff must prove the following elements by a preponderance of the evidence:

(1) That Sullivan had not just a desire for privacy, but an actual subjective expectation that he would have privacy at 2 Garces on June 6, 2006.  In making this determination, you should consider the information known to Sullivan about: the circumstances at 2 Garces, Sullivan's own circumstances, and any other information that would affect Sullivan's personal expectations regarding the likelihood that he would have privacy at 2 Garces;

and

(2) That Sullivan's expectation of privacy was one that society is prepared to recognize as reasonable based on the objective facts.  In making this determination, you should consider the totality of the circumstances.  Relevant facts include but are not limited to the objective facts about: whether Sullivan was invited to stay at 2 Garces by an authorized host; whether Sullivan took precautions to ensure his privacy at 2 Garces; the extent of control by Sullivan over who had access to 2 Garces; the number of persons who used 2 Garces and their relationships with each other, the extent of control exercised by others over access to 2 Garces, and the uses to which the property at 2 Garces was put.

In making these determinations, you are also to consider that Sullivan was on probation at the time of this incident and, as part of his probation he agreed to a warrantless, suspicionless search condition, which entitled law enforcement to search Sullivan without any need for specific suspicion that Sullivan was engaged in criminal activity.  Because Sullivan was on probation at the time of this incident, he had a lower expectation of privacy than an average citizen, and his probation search condition further diminished his lower expectation of privacy.

*Source*: *United States v. King*, 2013 WL 886161, at *2-3, --- F.3d ----, (9th Cir. March 8, 2013);  *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000); *United States v. Armenta*, 69 F.3d

304, 308-09 (1995); *United States v. Robinson*, 698 F.2d 448, 454 (D.C. Cir. 1983); *United States v. Vasquez*, 706 F.Supp.2d 1015, 1023 (C.D. Cal. 2010).

**Disputed Instruction No. 13 Re: Legitimate Expectation of Privacy Offered by Plaintiffs**

The status of a person as an overnight guest of the host at a residence is sufficient to establish that the guest had an expectation of privacy in the residence that society is prepared to recognize as reasonable.  Therefore, a warrantless entry and search of a premises where the overnight guest is staying by police officers presumptively violates the Fourth Amendment.

On the other hand, a person may not have a reasonable expectation of privacy sufficient to have standing to object to a warrantless entry and search of a premises if the person is not an overnight guest, is only present at the premises for a few hours, is there for only business purposes and has little or no previous relationship with the owner or occupants of the premises.

Plaintiffs have the burden of establishing by a preponderance of the evidence that Asa Sullivan was an overnight guest at the 2 Garces residence at the time of the search in order to establish that Asa Sullivan had a reasonable expectation of privacy and, thus, had standing to object to the warrantless search of 2 Garces by the Defendants under the Fourth Amendment.

*Source*: *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990); *Minnesota v. Carter*, 525 U.S. 83, 88 (1998); *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010).

**Disputed Instruction No. 14 Re: Legitimate Expectation of Privacy In The Entry Area Of 2 Garces Offered by Defendants**

Whether a person has a legitimate expectation of privacy in a place may vary in different areas or locations within that place.  The instructions that I have just given you also apply to your consideration whether plaintiff has proven by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy in a particular location at 2 Garces, specifically the area just inside the front door of 2 Garces.

_Source_: _United States v. King_, 2013 WL 886161, at *2-3, --- F.3d ----, (9th Cir. March 8, 2013);  _United States v. Nerber_, 222 F.3d 597, 599 (9th Cir. 2000); _United States v. Armenta_, 69 F.3d 304, 308-09 (1995); _United States v. Robinson_, 698 F.2d 448, 454 (D.C. Cir. 1983); _United States v. Vasquez_, 706 F.Supp.2d 1015, 1023 (C.D. Cal. 2010).

_Particular Location_:  _United States v. $40,955.00 in U.S. Currency_, 554 F.3d 752, 756 (9th Cir. 2009); _United States v. Cannon_, 264 F.3d 875, 879 (9th Cir. 2001); _United States v. Briones-Garza_, 680 F.2d 417, 420 (5th Cir. 1982) _United States v. Vasquez_, 706 F.Supp.2d 1015, 1028 (C.D. Cal. 2010).

**Disputed Instruction No. 14 Re: Legitimate Expectation of Privacy In The Entry Area Of 2 Garces**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 15 Re: Apparent Abandonment Offered by Defendants**

In general, a search of a place where the plaintiff has a reasonable expectation of privacy is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. There are exceptions to the warrant requirement, however, and I will now explain one of those exceptions to you.

Under an exception to this rule, a search warrant was not required and a search was reasonable if, under all of the circumstances, the police officer had reasonable grounds to believe that 2 Garces had been abandoned by any legitimate tenants.

The plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement did not apply.

*Source*:  *Abel v. United States*, 362 U.S. 217, 241 (1960); *Zimmerman v. Bishop's Estate*, 25 F.3d 784, 787-88 (9th Cir. 1994); *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986); *United States v. Sledge*, 650 F.2d 1075, 1079-80 (9th Cir. 1981); *United States v. Cella*, 568 F.2d 1266, 1283 (9th Cir. 1977); *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976); *United States v. Wilson*, 472 F.2d 901, 902 (9th Cir. 1972); *see also United States v. Harrison*, 689 F.3d 301, 309-10 (3d Cir. 2012), *cert. denied*, 12-8697, 2013 WL 529608 (U.S. Mar. 18, 2013), *McKenney v. Harrison*, 635 F.3d 354, 359 (8th Cir. 2011); *United States v. Hoey*, 983 F.2d 890, 892 (8th Cir. 1993); *United States v. Levasseur*, 816 F.2d 37, 44 (2d Cir. 1987); first and last paragraphs adapted from Model Instruction 9.15 (emergency exception to warrant requirement).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 15 Re: Apparent Abandonment**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 16 Re: Qualified Immunity Special Interrogatories Re: Apparent Abandonment Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.      Was Officer Morgado told by a security guard for Parkmerced that 2 Garces was supposed to be vacant?

b.      Was Officer Morgado told by a neighbor that 2 Garces was a "drug house"?

c.      Did Officer Morgado look inside the window of 2 Garces and observe conditions consistent with "squatters" living inside?

d.      Did Officer Morgado observe that the lock on 2 Garces had been changed to a non-Parkmerced lock before he entered?

e.      Did Officer Morgado determine that the front door at 2 Garces was unsecured before later opening it?

*Source:* *Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

**Disputed Instruction No. 16 Re: Qualified Immunity Special Interrogatories Re: Apparent Abandonment Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 9.15 Re: Emergency Exception Offered by Plaintiffs**

(Model Instruction – Modified)

In general, a search of **a private residence** is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant.

A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.

**The search of 2 Garces was not conducted pursuant to a search warrant.**

Under an exception to this rule, a search warrant is not required and a search is reasonable if, under all of the circumstances**:**

**1. the police officers had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm that they were aware of before they entered the residence without a warrant; and**

**2. the search's scope and manner were reasonable to meet the need.**

**The Defendants have the burden to prove by a preponderance of the evidence that the warrantless search of 2 Garces in this case met these parameters**.

**I instruct you that the opening of the door of 2 Garces by Defendant MORGADO constituted a search conducted without a search warrant.**

**In determining whether or not there was an objectively reasonable basis for concluding that there was an immediate need for the officers to protect others or themselves from serious harm, the police officers may not rely on information or evidence found after they initiated the warrantless entry.  Evidence or information discovered as a consequence of the warrantless entry does not play any role in determining whether the warrantless entry was reasonable.**

**I instruct you, in this case, that you may not consider the t-shirt discovered by the defendants as a result of the warrantless entry, in determining whether the there was an immediate need for the defendants to protect others or themselves from serious harm.**

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.15 **modified.**

*Authority for modifications*: *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009), *cert denied sub. nom.*, *Bonvicino v. Hopkins*, ___U.S.___(2010), *United States v. Struckman*, 603 F.3d 731,

739 (9th Cir. 2010); *Morales v. City of Delano*, 2012 U.S. Dist. LEXIS 40179 (E.D. Cal. March 23, 2012); *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 534-535 (9th Cir. 2010)

**Disputed Instruction No. 9.15 Re: Emergency Exception Offered by Defendants**

(Model Instruction – Modified)

In general, a search of **a place where a person has a legitimate expectation of privacy** is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. Under **another** exception to this rule, a search warrant is not required and a search is reasonable if, under all of the circumstances:

1.      the police officers had reasonable grounds to believe that **medical assistance was needed, or that persons were in danger.**

and

**2.**      there was a reasonable basis to associate the emergency with the area or place that was searched**, *or* a reasonable basis to believe that the area or place searched could contain individuals who may be dangerous to officer safety.**

The plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2007) No. 9.15 (modified); *Michigan v. Fisher*, 558 U.S. 45, 130 S. Ct. 546, 549 (2009); *Brigham City, Utah v. Stuart*, 547 U.S. 398, 405 (2006); *Maryland v. Buie*, 494 U.S. 325 (1990); *United States v. Snipe*, 515 F.3d 947, 952-53 (9th Cir. 2008). *United States v. Orman*, 486 F.3d 1170, 1174 (9th Cir. 2007); *United States v. Black*, 482 F.3d 1035, 1040 (9th Cir. 2007).

*Modifications:* 1.      The place searched is described as "a place where a person has a legitimate expectation of privacy," in light of the factual dispute about whether Sullivan had such an expectation at 2 Garces.

        2.      The language of the first element is modified based on *Michigan v. Fisher*, 558 U.S. 45, 130 S. Ct. 546, 549 (2009).  The language from the model instruction is: "the police officer[s] had reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property;"

3.      The second element is deleted based on *United States v. Snipe*, 515 F.3d 947, 952-53 (9th Cir. 2008).  The deleted language from the model instruction is: "2. the police officer[s] [was] [were] not primarily motivated by an intent to arrest or to seize evidence;"

4.      Language is added to the final element to incorporate the "protective sweep" doctrine into the jury's analysis of the scope of the officers' search.  *Maryland v. Buie*, 494 U.S. 325, 332 (1990).

**Disputed Instruction No. 18 Re: Qualified Immunity Special Interrogatories Concerning the Emergency Exception Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.      Did Officer Alvis and Officer Keesor learn through police dispatch or Officer Morgado that there was a bloody shirt at 2 Garces, before they entered 2 Garces?

b.      Did Officer Alvis and Officer Keesor see the bloody shirt before they entered 2 Garces?

*Source*: *Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

1

**Disputed Instruction No. 18 Re: Qualified Immunity Special Interrogatories  Concerning the Emergency Exception Plaintiffs Oppose**

2

Plaintiffs contend that this instruction should not be given in any version.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 19 Re: Provoking a Confrontation Offered by Plaintiffs**

Where a police officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, the police officer may be held liable for otherwise defensive use of deadly force.  In this case, the Plaintiffs allege that  by entering 2 Garces without a search warrant and/or pointing firearms at Mr. Sullivan without evidence he committed any crime, the police officers committed  independent Fourth Amendment violations that provoked the confrontation leading to the shooting of Mr. Sullivan.  If you find that either or both of these events, entering 2 Garces without a search warrant and/or the pointing of firearms at Mr. Sullivan, were unreasonable as explained earlier in these instructions, then your verdict must be for Plaintiffs, even if you find the ultimate shooting of Mr. Sullivan was not unreasonable.

_Authority:_ "Where a police officer "intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of deadly force." *Billington v. Smith,* 292 F.3d 1177, 1189 (9th Cir.2002). If an officer intentionally or recklessly violates a suspect's constitutional rights, then the violation may be a provocation creating a situation in which force was necessary and such \*539 force would have been legal but for the initial violation. *Id.*" *Espinosa v. City and County of San Francisco* 598 F.3d 528, 537 (9th Cir. 2010).

**Disputed Instruction No. 19 Re: Provoking a Confrontation Offered by Defendants**

Where an officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of deadly force.

In order to prevail on the Estate's claim that Officer  Alvis, Officer Keesor, and/or Officer Morgado is liable for the use of deadly force, even if it was defensive, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      That the officer previously violated Mr. Sullivan's Fourth Amendment right.  Here, Plaintiffs allege two prior Fourth Amendment violations by each officer that preceded Officer Alvis' and Officer Keesor's use of deadly force against Mr. Sullivan: that each officer unlawfully entered 2 Garces, and that each officer unlawfully pointed firearms at Mr. Sullivan.

2.      That when the officer previously violated Mr. Sullivan's Fourth Amendment right (assuming it has been proven by plaintiffs) the officer was intentionally or recklessly provoking a violent confrontation.

and

3.      That the previous violation of Mr. Sullivan's Fourth Amendment right by the officer (assuming it has been proven by plaintiffs) caused a violent response by Mr. Sullivan.

*Source*:  *Glenn v. Washington County*, 673 F.3d 864, 878-79 (9th Cir. 2011); *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 538-39 (9th Cir. 2010); *Billington v. Smith*, 292 F.3d 1177, 1190-91 & n.82 (9th Cir. 2002).

**Disputed Instruction No. 19.5 Re: Recklessness Offered By Plaintiffs**

Conduct is reckless if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that their actions will violate the plaintiff's rights under federal law.

*Source*:        9th Circuit Model Jury Instruction 5.5

*Modifications*: Model Jury Instruction 5.5 is a lengthy punitive damages instruction.  Plaintiffs have excerpted the definition of reckless disregard from that instruction, and modified the language to make it a complete jury instruction.

**Disputed Instruction No. 19.5 Re: Definition of "Intentionally Provoking" And "Recklessly Provoking A Violent Confrontation" Offered by Defendants**

"Intentionally provoking a violent confrontation" means that the officer acted with a conscious objective to provoke a violent confrontation.

"Recklessly provoking a violent confrontation" means that the officer consciously disregarded a substantial and unjustifiable risk that a violent confrontation would result from his conduct.  The risk must be of such a nature and degree that, considering the nature and purpose of the officer's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the officer's situation.

_Sources_:        Ninth Circuit Model Instruction No. 9.11, modified (definition of intentional conduct in connection with conducting a search: "A person acts 'intentionally' when the person acts with a conscious objective to engage in particular conduct."); Model Penal Code § 2.02(2)(c) (1985), modified (definition of reckless conduct); _Farmer v. Brennan_, 511 U.S. 825, 839-40 (1994) (criminal recklessness standard applicable to subjective recklessness standard for Eighth Amendment civil rights claims); _Glenn v. Washington County_, 673 F.3d 864, 878-79 (9th Cir. 2011); _Espinosa v. City and County of San Francisco_, 598 F.3d 528, 538-39 (9th Cir. 2010); _Billington v. Smith_, 292 F.3d 1177, 1190-91 & n.82 (9th Cir. 2002); _United States v. Albers_, 226 F.3d 989, 995 (9th Cir. 2000) (quoting Model Penal Code for definition of recklessness).

**Disputed Instruction No. 21 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Entry Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.      Did Officer Morgado receive reliable information before he pushed open the front door of 2 Garces that anyone inside would threaten to kill police officers?

b.      Did Officer Morgado receive reliable information before he pushed open the front door of 2 Garces that anyone inside would force a deadly confrontation to avoid arrest?

c.      Did Officer Morgado receive reliable information before he pushed open the front door of 2 Garces that anyone inside was suicidal?


a.      Did Officer Alvis or Officer Keesor receive reliable information before they entered 2 Garces that anyone inside would threaten to kill police officers?

b.      Did Officer Alvis or Officer Keesor receive reliable information before they entered 2 Garces that anyone inside would force a deadly confrontation to avoid arrest?

c.      Did Officer Alvis or Officer Keesor receive reliable information before they entered 2 Garces that anyone inside was suicidal?


_Source_: *Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

1

**Disputed Instruction No. 21 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Entry Plaintiffs Oppose**

2

3      Plaintiffs contend that this instruction should not be given in any version.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 9.18 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—GENERALLY Offered by Plaintiffs**

(Model Instruction)

As previously explained, the plaintiff has the burden to prove that the acts of the defendants **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** deprived **Mr. SULLIVAN** of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendants deprived **Mr. SULLIVAN** of **his** rights under the Fourth Amendment to the Constitution **when they pointed firearms at Mr. SULLIVAN and/or when JOHN KEESOR and/or MICHELLE ALVIS shot Mr. SULLIVAN to death.**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of [his] [her] person. In order to prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** seized **Mr. SULLIVAN's** person;

2. in seizing **Mr. SULLIVAN's** person, **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS intended to seize him**; and

3. the seizure was unreasonable.

*Source:* Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.18 **modified**

*Modifications*: Language around intent clarified to avoid confusion, summary of claims

**Disputed Instruction No. 9.18 Re: PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—GENERALLY Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE Offered by Plaintiffs**

(Model Instruction – Modified)

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force [in making a lawful arrest] [and] [or] [in defending [himself] [herself].[others]. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force **when they pointed firearms at Mr. SULLIVAN and/or when JOHN KEESOR and/or MICHELLE ALVIS shot Mr. SULLIVAN to death.**

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or other circumstances to which the officers were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody.

7. **The parties' relative culpability** *i.e.,* **which party created the dangerous situation and which party is more innocent.**

8. **Whether the police officers intentionally or recklessly provoked a confrontation with Mr. SULLIVAN prior to the shooting by violating his Constitutional Rights.**

*Source:* Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.22 **modified**

1

_Authorities_: _Graham v. Connor_, 490 U.S. 386, 397-98, 104 L. Ed. 2d 443 , 109 S. Ct. 1865

2    (1989);  _Espinosa v. City and County of San Francisco_,  598 F.3d 528, 538-539 (9th Cir. 2010).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE Offered by Defendants**

(Model Instruction – Modified)

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or herself or others. Thus, in order to prove an unreasonable seizure **by an officer** in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force. **There are two excessive force claims in this case. First, Plaintiffs claim that each of the three officers used excessive force in pointing their firearms at Mr. Sullivan. Second, Plaintiffs claim that Officer Alvis and Officer Keesor used excessive force when they used deadly force against Mr. Sullivan.**

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether **each of** the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.      The severity of the crime or other circumstances to which the officers were responding;

2.      Whether **Mr. Sullivan** posed an immediate threat to the safety of the officers or to others;

3.      Whether **Mr. Sullivan** was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to take **Mr. Sullivan** into custody or to subdue **Mr. Sullivan**.

*Source:*  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 9.22, modified.

*Modifications:*      1.      Bracketed text selected.

1          2.      The boldfaced phrase "by an officer" is inserted to indicate that

2    each officer's conduct is analyzed individually.

3          3.      The three sentences in boldface describe the Plaintiffs' two force

4    claims.

5          4       In the list of factors for the jury to consider, "the plaintiff" is

6    replaced by "Mr. Sullivan."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 24 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.   Before pointing their firearms at Mr. Sullivan, did the officers see the bloody shirt?

b.   Before pointing their firearms at Mr. Sullivan, had the officers confirmed the bloody shirt was not evidence of a recent, violent assault?

c.   Before pointing their firearms at Mr. Sullivan, did officers seize an illegal butterfly knife from Jason Martin?

d.   Before the officers went into the attic, was it reasonable for them to believe that someone had fled into the attic to avoid the police?

e.   Just before the officers first pointed their firearms at Mr. Sullivan, would it have been difficult for the officers to visually confirm that he was unarmed  (i.e. conditions / lighting of the attic)?

f.   Did Mr. Sullivan refuse to show his hands after multiple requests by police officers to do so?

g.   At any time while the officers had their firearms pointed at Mr. Sullivan, did he make any remarks that a reasonable officer could have interpreted as threatening or suggestive that he was armed?

h.   At any time while the officers had their firearms pointed at Mr. Sullivan, were the officers able to visually confirm that he was not armed?

<u>*Source*</u>*: Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

**Disputed Instruction No. 24 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

1

**Disputed Instruction No. 25 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm – Butterfly Knife Offered by Defendants**

2

3       Under California Penal Code Section 653k, a person who possesses a "switch blade knife"

4   having a blade of two or more inches in length is guilty of a misdemeanor.  A butterfly knife, which

5   consists of a knife blade with a two part handle that is split along its length at right angles to the plane

6   of the knife, is consider a "switch blade" knife, for purposes of Penal Code Section 653k.

7       *Source:* Attorney General Opinion No. 85-902, Nov. 19, 1985; Penal Code Section 653k.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Disputed Instruction No. 25 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Pointing Firearm – Butterfly Knife Plaintiffs Oppose**

2

3        Plaintiffs contend that this instruction should not be given in any version.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 27 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Pointing A Firearm Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.      Did Officer Alvis, Officer Keesor, or Officer Morgado receive reliable information before they entered the attic that anyone in the attic would threaten to kill police officers?

b.      Did Officer Alvis, Officer Keesor, or Officer Morgado receive reliable information before they entered the attic that anyone in the attic would force a deadly confrontation to avoid arrest?

c.      Did Officer Alvis, Officer Keesor, or Officer Morgado receive reliable information before they entered the attic that anyone inside was suicidal?

d.      Did Officer Alvis, Officer Keesor, or Officer Morgado receive reliable information before Officer Alvis found Mr. Sullivan in the attic that he would force a deadly confrontation to avoid arrest?

*Source*: *Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

**Disputed Instruction No. 27 Re: Qualified Immunity Special Interrogatories Concerning Provocation By Pointing A Firearm Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 29 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Deadly Force Offered by Defendants**

Depending on your answers to some of the questions on the special verdict form, you may be asked to answer the following questions:

a.      Did Mr. Sullivan make statements in the attic that a reasonable officer could interpret as threatening?

b.      Did Officer Alvis perceive that Mr. Sullivan made a sudden movement just before she fired her weapon?

c.      Did Officer Kessor perceive that Mr. Sullivan made a sudden movement just before he fired his weapon?

d.      Was it reasonable for the officers to believe during the stand-off in the attic that Mr. Sullivan could have had a gun that was hidden from their view?

e.      Did Mr. Sullivan make any statements during the stand-off in the attic that would have suggested to a reasonable officer that he was going to produce a weapon?

*Source*: *Conner v. Heiman*, 672 F.3d 1126, 1131 & n.2 (9th Cir. 2012); *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996).

1

**Disputed Instruction No. 29 Re: Qualified Immunity Special Interrogatories Concerning Use Of Force – Deadly Force Plaintiffs Oppose**

2

3      Plaintiffs contend that this instruction should not be given in any version.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Disputed Instruction No. 31 Re: Officers' Split-Second Judgments Offered by Defendants**

2

The following principle applies to your consideration of plaintiffs' excessive force claims:

3

The calculus of reasonableness must embody allowance for the fact that police officers are

4

often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly

5

evolving – about the amount of force that is necessary in a particular situation.

6

<u>Source:</u> *Graham v. Conner*, 490 U.S. 386, 396-97 (1989)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 31 Re: Officers' Split-Second Judgments Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 34 Re: No Duty To Retreat Offered by Defendants**

The following principle applies to your consideration of plaintiffs' excessive force claims:

An officer does not have a duty to retreat in the face of an uncooperative suspect.

<u>*Source*</u>: See *Reed v. Hoy*, 909 F.2d 324, 330-31 (9th Cir. 1989), *overruled on other grounds, Edgerly v. City and County of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010); *see also* Cal. Penal Code § 835a (providing that a police officer need not retreat in the face of an uncooperative suspect).

**Disputed Instruction No. 34 Re: No Duty To Retreat Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 35 Re: Tactical Decisions Offered by Defendants**

The following principle applies to your consideration of plaintiffs' excessive force claims:

I already explained to you in earlier instructions how an officer can be liable for intentionally or recklessly provoking a violent confrontation, if the provocation was also a separate Fourth Amendment violation. Other than that, you may not hold any officer liable for any conduct leading up to a use of force. Officers have discretion to make tactical judgments in light of evolving circumstances. Regardless whether officers' tactics are wise or unwise, officers cannot be held liable based on allegations that they should have used different or better tactics leading up to the use of force.

<u>*Source*</u>: *Graham v. Conner*, 490 U.S. 386, 396-97 (1989); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1098 n.4 (2004).

1

**Disputed Instruction No. 35 Re: Tactical Decisions Plaintiffs Oppose**

2

Plaintiffs contend that this instruction should not be given in any version.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 36 Re: Limiting Instruction Regarding Information Known After The Fact Offered by Defendants**

The following principle applies to your consideration of plaintiffs' excessive force claims:

You have heard evidence that, after the shooting, it was discovered that Mr. Sullivan did not have a gun.  Because an officer's actions are not to be judged from 20/20 hindsight, you cannot assume from this fact that any officer knew that Mr. Sullivan did not have a gun.  Instead, you must evaluate the officers' use of force from the perspective of an officer at the scene, considering only the circumstances known to the officer at the time he or she made the decision to use force.

_Source_: _Graham v. Conner_, 490 U.S. 386, 396-97 (1989); _Johnson v. County of Los Angeles_, 340 F.3d 787, 792-93 (9th Cir. 2003).

**Disputed Instruction No. 36 Re: Limiting Instruction Regarding Information Known After The Fact Plaintiffs Oppose**

Plaintiffs contend that this instruction should not be given in any version.

**Disputed Instruction No. 37 Re: Limiting Instruction Regarding Information About Asa Sullivan's Background And History Offered By Plaintiffs**

You have heard evidence concerning Asa Sullivan's background and history.  In this case, it is undisputed that the defendants were unaware of Asa Sullivan's name, identity, background and history.  You may not consider evidence of Asa Sullivan's background and history in assessing the reasonableness of the Defendants' entry into the residence, pointing of guns at Mr. Sullivan, or shooting of Mr. Sullivan, because the Defendants' were unaware of Mr. Sullivan's background and history.  This information has been admitted only in support of defendants' contentions regarding "suicide by cop", and for your assessment of damages.  However, you are cautioned that evidence of Mr. Sullivan's background and history may not be considered by you in determining whether Mr. Sullivan took any action during this incident consistent with any of the evidence concerning his background and history.

_Source:_  Graham v. Connor, 490 U.S. 386, 396-97 (1989), FRE 404(a).

**Disputed Instruction No. 37 Re: Limiting Instruction Regarding Information About Asa Sullivan's Background And History Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 38 Re: State Law Assault Offered by Plaintiff**

**ASA SULLIVAN** claims that **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** assaulted him. To establish this claim, Mr. SULLIVAN must prove all of the following:

1.      **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** acted, intending to cause harmful [or offensive] contact;

2.      That **ASA SULLIVAN** reasonably believed that he was about to be touched in a harmful or an offensive] manner;

or

1.      That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** threatened to touch **ASA SULLIVAN** in a harmful or an offensive manner;

2.      That it reasonably appeared to **ASA SULLIVAN** that **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** was/were about to carry out the threat;]

3.      That **ASA SULLIVAN** did not consent to **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS'** conduct;

4.      That **ASA SULLIVAN** was harmed; and

5.      That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS**' conduct was a substantial factor in causing [*name of plaintiff*]'s harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

Words alone do not amount to an assault.

*Source:*  CACI 1301

**Disputed Instruction No. 38 Re: State Law Assault Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 39 Re: State Law Battery By A Police Officer Offered By Plaintiff**

**ASA SULLIVAN** claims that **JOHN KEESOR, and/or MICHELLE ALVIS** harmed him by using unreasonable force **against him.**  To establish this claim, **ASA SULLIVAN** must prove all of the following:

1.      That **JOHN KEESOR, and/OR MICHELLE ALVIS** caused **ASA SULLIVAN** to be touched;

2.      That **JOHN KEESOR, and/or MICHELLE ALVIS** used unreasonable force **against ASA SULLIVAN.**

3.      That **ASA SULLIVAN** did not consent to the use of that force;

4.      That **ASA SULLIVAN** was harmed; and

5.      That **JOHN KEESOR, and/or MICHELLE ALVIS**' use of unreasonable force was a substantial factor in causing **ASA SULLIVAN'S** harm.

~~[A/An] [*insert type of peace officer*] may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the [*insert type of peace officer*] is mistaken, a person being arrested or detained has a duty not to use force to resist the [*insert type of peace officer*] unless the [*insert type of peace officer*] is using unreasonable force.~~

~~In deciding whether [*name of defendant*] used unreasonable force, you must determine the amount of force that would have appeared reasonable to [a/an] [*insert type of peace officer*] in [*name of defendant*]'s position under the same or similar circumstances.~~ You should consider, among other factors, the following:

~~(a)      The seriousness of the crime at issue;~~

(b)      Whether **ASA SULLIVAN** reasonably appeared to pose an immediate threat to the safety of **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** or others.

(c)      ~~Whether [*name of plaintiff*] was actively resisting arrest or attempting to evade arrest.~~

~~[[A/An] [*insert type of peace officer*] who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.]~~

*Source*:  CACI 1305

**Disputed Instruction No. 39 Re: State Law Battery By A Police Officer Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 40 Re: State Law Civil Code 52.1 Claim Offered by Plaintiff**

Bane Act—Essential Factual Elements (Civ. Code, § 52.1)

**ASA SULLIVAN** claims that **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, **ASA SULLIVAN** must prove all of the following:

1.   That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** made threats of violence against **ASA SULLIVAN** causing **ASA SULLIVAN** to reasonably believe that **if he exercised his rights under the United States and/or California Constitutions to be free from unreasonable searches and seizures and to be free from the use of excessive force, PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** would commit violence against him and that **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** had the apparent ability to carry out the threats;]

*or*

That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** acted violently against **ASA SULLIVAN** by interfering with the exercise of his rights under the United States and/or California Constitutions to be free from unreasonable searches and seizures and to be free from the use of excessive force,

2.   That **ASA SULLIVAN** was harmed; and

3.   That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** conduct was a substantial factor in causing **ASA SULLIVAN's** harm.

OR USE THE BAJI INSTRUCTION:

The plaintiff [also] seeks to recover damages for a violation of civil rights pursuant to Civil C § 52.1.

The essential elements of this claim are:

1.    The defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by plaintiff of rights secured [by the Constitution] [or] [laws of the United States] [, or] [by the Constitution] [or] [laws of California];

2.    The interference, or attempted interference caused plaintiff to suffer injury, damage, loss or harm.

[Speech alone is not sufficient, unless the speech itself threatens violence against plaintiff, or a group of which plaintiff is a member, and plaintiff reasonably fears that, because of the speech, violence will be committed against plaintiff's person or property and that the defendant had the apparent ability to carry out the threat.]

Source:  BAJI 7.90

*Source*:  CACI 3066

**Disputed Instruction No. 40 Re: State Law Civil Code 52.1 Claim Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 41 Re: State Law Negligence Claim Offered by Plaintiff**

**Minor Plaintiff A.S.** claims that he was harmed by **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** 's negligence. To establish this claim, **Minor Plaintiff A.S.** must prove all of the following:

      1.      That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** was/were negligent;

      2.      That **Minor Plaintiff A.S.** was harmed; and

      3.      That **PAULO MORGADO, JOHN KEESOR, and/or MICHELLE ALVIS** ' negligence was a substantial factor in causing **Minor Plaintiff A.S.'s** harm

*Source*:  CACI 400

**Disputed Instruction No. 41 Re: State Law Negligence Claim Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Disputed Instruction No. 42 Re: Reliance On Good Conduct of Others Offered by Plaintiff**

Every person has a right to expect that every other person will use reasonable care and will not violate the law, unless he or she knows, or should know, that the other person will not use reasonable care or will violate the law.

*Source:*  CACI 411

**Disputed Instruction No. 42 Re: Reliance On Good Conduct of Others Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

**Stipulated Instruction No. 5.1 Re: Damages**

(Model Instruction – Modified)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs you must determine the plaintiffs' damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

**The Estate claims the following economic damages:**

> **Funeral and burial expenses**

**The Estate claims the following non-economic damages:**

> **The pain, suffering, disfigurement, loss of enjoyment of life, mental, physical, and emotional pain and suffering experienced by Mr. Sullivan from any initial violation you found up to the time of his death.  The parties have stipulated that Mr. Sullivan died of gunshot wounds at 2 Garces.**

**No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.**

**Minor Plaintiff A.S. claims the following economic damages:**

> **The loss of gifts or benefits that Minor Plaintiff A.S. would be expected to receive from ASA SULLIVAN**

**Your award of any future economic damages must be reduced to present cash value.**

**Minor Plaintiff A.S. claims the following noneconomic damages:**

> **The loss of Asa Sullivan's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.**

**In determining A.S's loss, do not consider:**

**1.      The grief, sorrow or mental anguish of A.S. or anyone else;**

**2.      Any pain and suffering of Asa Sullivan; or**

**3.      The poverty or wealth of A.S.**

**No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.**

**It is for you to determine what damages, if any, have been proved.**

**Plaintiffs do not have to prove the exact amount of their damages. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.**

*Source*:  Ninth Circuit Manual of Model Civil Jury Instructions (2009) No. 5.1, CACI 3921

**Disputed Instruction No. 43 Re: Civil Code Section 52.1 Civil Penalties Offered By Plaintiffs**

In addition to any actual damages imposed upon defendants for a violation of Civil Code section 52.1, you are permitted to award plaintiffs civil penalties in the amount of $25,000.00 per violation if you find that the conduct upon which you base your finding of liability was willful.

As used in this instruction, the word "willful" means a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under all the circumstances then present or was not undertaken in good faith. The word, willful, does not require any intent to violate the law.

The award of any civil penalties, if any, must be set forth separately in your verdict.

*Source:* California Civil Jury Instructions 7.94 (2007).

**Disputed Instruction No. 43 Re: Civil Code Section 52.1 Civil Penalties Defendants Oppose**

Defendants contend that this instruction should not be given in any version.

1   Dated:  April 15, 2013

2                                           DENNIS J. HERRERA
                                            City Attorney
3                                           CHERYL ADAMS
                                            Chief Trial Deputy
4                                           BLAKE P. LOEBS
                                            Chief of Civil Rights Litigation
5                                           PETER J. KEITH
                                            Deputy City Attorney
6

7                                   By:_____/s/  Peter J. Keith_____
8                                         PETER J. KEITH

9                                         Attorneys for Defendants
                                          CITY AND COUNTY OF SAN FRANCISCO
10                                        HEATHER FONG, in her official capacity,
                                          JOHN KEESOR, MICHELLE ALVIS and
11                                        PAUL MORGADO

12

13   Dated:  April 15, 2013

14                                        THE LAW OFFICES OF JOHN L. BURRIS

15                                  By:_____/s/  Benjamin Nisenbaum_____
16                                        BENJAMIN NISENBAUM
                                          JOHN L. BURRIS, ESQ.
17
                                          Attorneys for Plaintiffs
18                                        KATHLEEN ESPINOSA, individually
                                          And as personal representative of the Estate of decedent
19                                        ASA SULLIVAN, A.S., By and through his Guardian ad
                                          Litem, NICOLE GUERRA
20

21

22

23

24

25

26

27

28