IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.
_____/

No. C 06-04686 JSW

**COURT'S INTENDED VOIR DIRE**

The parties are HEREBY NOTIFIED that the following constitutes the Court's Intended Voir Dire. The Court shall provide the parties with deadlines and additional instructions regarding the intended voir dire at the pretrial conference.

**IT IS SO ORDERED.**

August 4, 2014

JEFFREY S. WHITE
U.S. DISTRICT JUDGE

**STATEMENT OF THE CASE**

The plaintiffs in this case are Kathleen Espinosa, as the representative estate of decedent Asa Sullivan, and A.S, the surviving minor child of Asa Sullivan. The defendants are the City and County of San Francisco and Officers Paul Morgado, John Keesor, and Michelle Alvis. Plaintiffs claim that Defendant Officers Paul Morgado, John Keesor, and/or Michelle Alvis unlawfully entered 2 Garces in violation of Mr. Sullivans rights under the Fourth Amendment to the United States Constitution. Plaintiffs also claim that the Defendant Officers used unreasonable force against Mr. Sullivan in violation of the Fourth Amendment to the United States Constitution when they pointed firearms at Mr. Sullivan and shot and killed him. In addition, Plaintiffs claim that Officers Kessor and Alvis were negligent in their use of deadly force.

The Defendant Officers deny these claims, and contend that their entry and use of force was lawful.

**QUESTIONS**

1. Have any of you heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. Plaintiffs are Kathleen Espinosa and A.S, the surviving minor child of Asa Sullivan. They are being represented by Benjamin Nisenbaum, John Buris, Julie Houk and Adante Pointer from the Law Offices of John L. Burris.
    a. Are any of you familiar with or do any of you know either Plaintiff or their counsel?
    b. Have any of you been represented by or had any business dealing with any of these attorneys or this law firm?
5. The Defendants are the City and County of San Francisco and Officers Paul Morgado, John Keesor, and Michelle Alvis from the San Francisco Police Department. They are

2

being represented by Blake Loebs and Peter Keith with the San Francisco City Attorney's Office.

    a.    Are any of you familiar with or do any of you know the Defendant Officers or their counsel?

    b.    Have any of you been represented by or had any business dealing with these attorneys or other members of the San Francisco City Attorney's Office (including Dennis Herrera, San Francisco City Attorney)?

6. During trial, the parties may call the following witnesses:

    **\*\* NEED FINAL LIST OF WITNESSES\*\***

    a.    Are any of you familiar with or do any of you know any of the potential witnesses?

7. Do you have any belief or feelings towards any of the parties, lawyers, or witnesses that would make it difficult for you to be fair and impartial?

8. Do any of you know or have any of you had dealings, directly or indirectly, with any other police officers in the City and County of San Francisco?

    a.    If your answer is yes, what is the nature of your dealings with the officer(s)?

    b.    Is there anything about your dealings with that person or persons that would prevent you from being a fair and impartial juror in this case?

9. Have you or anyone in your immediate family had any training in the law, including specialized training in civil rights law? If your answer is yes, is there anything about that knowledge or training that would affect your ability to be a fair and impartial juror in this case?

10. Do any of you personally know any law enforcement officers?

    a.    How do you know that person?

    b.    Is there any thing about that knowledge of that person or your relationship with them that would affect your ability to be a fair and impartial juror in this case?

3

11. Have any of you, any member of your family or any close friend, ever been physically subdued, restrained, injured, arrested or detained by a police officer? If your answer is yes, is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

12. Have you ever personally witnessed a law enforcement officer use force against an individual, to effect an arrest of someone?

    a. Have you ever personally witnessed a law enforcement officer draw a weapon against an individual?

13. Have you, any member of your family or close friend, ever had any other type of contact with law enforcement or a police officer, including but not limited to the San Francisco Police Department, which would in any way influence the way you would analyze the facts and the law in this case?

14. Have any of you ever called 911 or otherwise contacted law enforcement officers? If your answer is yes, is there anything about your experience(s) with those contacts that would affect your ability to be a fair and impartial juror in this case?

15. Have you ever been affiliated with, or joined or supported, an organization with a goal of monitoring, critiquing, or reforming law enforcement agencies or practices?

16. Have any of you had experience with someone with mental illness that could impact your ability to be a fair and impartial juror in this case?

17. There may be testimony in this case from psychologist. Do any of you, your family or friends have any education or experience in the study or treatment of mental illness?

18. There may be evidence in this trial that the Decedent, Asa Sullivan, took certain illicit drugs on occasion. Would this evidence affect your ability to be a fair and impartial juror in this case?

4

19. Do you, or have you ever had, close relationship(s) with anyone who you believed used illicit drugs? If your answer is yes, is there anything about those experiences that would affect your ability to be a fair and impartial juror in this case?

20. There may be photographs admitted into evidence that depict Mr. Sullivan after he was shot. Do you believe that you would have difficulty viewing these photographs, and if so, do you think that this difficulty might interferer with your ability to evaluate evidence or testimony that concerns those photographs?

21. Have any of you, any member of your family or any close friend ever been employed by or worked with the City and County of San Francisco? If your answer is yes, is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

22. Have any of you ever been a member of a neighborhood watch organization?

23. This is a case in which plaintiff accuses the police of misconduct. Is there anything about the nature of this type of case that would make it difficult for you to serve as a fair and impartial juror?

24. If selected as a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide to believe all or part of a witness's testimony. Do any of you feel that is something you cannot do?

25. If selected as a juror, you will need to render a verdict solely based on the evidence presented at trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law. Is there anyone who thinks they will be unable to do that?

26. Having heard the questions put to you by the court, can any of you think of any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented at trial and in the context of the Court's instructions to you on the law?

27. Do you have anything you would like to bring to the court's attention (e.g. health problems, hearing or vision problems, language difficulties, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

28. One of the instructions that I will give you is that throughout the course of this trial, you cannot do your own research on the computer, you cannot Google the names of any of the witnesses, you cannot text, tweet or talk about being on the jury on Facebook or any other social media outlet. Do any of you think that that will be difficult for you to follow that instruction? If you failed to failed to follow that instruction, we might have to do the entire trial all over again. So, I am asking you now if that would be at all problematic for you?