1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

       Plaintiffs,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

       Defendants.

_____/

No. C 06-04686 JSW

**FINAL JURY INSTRUCTIONS**

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**United States District Court**
For the Northern District of California

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a questions is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**United States District Court**
For the Northern District of California

4

1

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

4

as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial

5

evidence is proof of one or more facts from which you could find another fact. You should consider

6

both kinds of evidence.  The law makes no distinction between the weight to be given to either

7

direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

2

3

4          When a party has the burden of proof on any claim or affirmative defense by a

5   preponderance of the evidence, it means you must be persuaded by the evidence that the claim

6   or affirmative defense is more probably true than not true.  Put another way, "preponderance of

7   the evidence" means evidence that has more convincing force than that opposed to it.  If the

8   evidence is so evenly balanced that you are unable to say that the evidence on either side of an

9   issue predominates, your finding on that issue must be against the party who had the burden of

10  proving it.

11          You should base your decision on all of the evidence, regardless of which party

12  presented it.

United States District Court

For the Northern District of California

6

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness' memory;

(3)      the witness' manner while testifying;

(4)      the witness' interest in the outcome of the case and any bias or prejudice;

(5)      whether other evidence contradicted the witness' testimony;

(6)      the reasonableness of the witness' testimony in light of all the evidence; and

(7)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

### DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of Margarita Wynn and Sangh Sullivan were presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witnesses had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

10

**VIOLATIONS OF FEDERAL CIVIL RIGHTS**

Minor Asa I. Sullivan ("Minor Sullivan") as the successor in interest to the decedent, Mr. Sullivan, brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution of the United States or the laws of the United States shall be liable to the injured party.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

## VIOLATIONS OF FEDERAL CIVIL RIGHTS — ELEMENTS
## AND BURDEN OF PROOF

2

3      In order to prevail on his §1983 claims, Minor Sullivan has the burden of proving each of

4  the following elements by a preponderance of the evidence for each defendant:

5          1.      Defendant Officers Paul Morgado, John Keesor, and/or Michelle Alvis acted

6                  under color of law;

7          2.      the acts or omissions of Defendant Officers Paul Morgado, John Keesor, and/or

8                  Michelle Alvis were the cause of the deprivation of Mr. Sullivan's rights

9                  protected by the Fourth Amendment of the United States Constitution as

10                 explained in later instructions.

11      A person acts under "color of law" when the person acts or purports to act in the

12  performance of official duties under any state, county, or municipal law, ordinance or regulation.

13  The parties have stipulated that the defendants acted under color of law.

14      If you find that Minor Sullivan has proved each of these elements, and if you find that

15  Minor Sullivan has proved all of the elements it is required to prove under the instructions for

16  unreasonable search and/or unreasonable seizure, your verdict should be for Minor Sullivan on each

17  claim for which Minor Sullivan met its burden of proof.  If, on the other hand, Minor Sullivan has

18  failed to prove any one or more of these elements as to any defendant, your verdict should be for

19  each defendant that Minor Sullivan did not meet his burden of proof as to each §1983 claim.

20

21

22

23

24

25

26

27

28

**LIABILITY FOR EACH DEFENDANT OFFICER**

In order to be individually liable under §1983, an individual must personally participate in the violation of the constitutional right or fail to intercede in a fellow officer's violation.  An officer has a duty to intercede to stop a constitutional violation only where they know or have reason to know of the constitutional violation and have a realistic opportunity to intercede.

United States District Court

For the Northern District of California

1

**CAUSATION**

2

3        In order to establish that the acts of the Defendant Officers deprived Mr. Sullivan of his

4   particular rights under Fourth Amendment of the United States Constitution as explained in later

5   instructions, Minor Sullivan must prove by a preponderance of the evidence that the acts were so

6   closely related to the deprivation of Mr. Sullivan's rights as to be the moving force that caused the

7   ultimate injury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEARCH – GENERALLY

As previously explained, the Estate of Mr. Sulliavan has the burden to prove that the acts of Defendant Officers Morgado, Officer Keesor, and/or Officer Alvis deprived Mr. Sullivan of particular rights under the United States Constitution.  In this case, Minor Sullivan alleges that Defendant Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution when he entered and searched 2 Garces Drive.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search.  In order to prove each defendant deprived Mr. Sullivan of this Fourth Amendment right, Minor Sullivan must prove the following elements by a preponderance of the evidence:

1.    That the tenants of 2 Garces Drive, Mr. Schank and Mr. Gudor, did not abandon 2 Garces Drive before June 6, 2006;

2.    That Mr. Sullivan had a legitimate expectation of privacy;

3.    That the Defendant Officers searched 2 Garces Drive;

4.    That in conducting the search, the Defendant Officers acted intentionally; and

5.    That the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, to prove that a defendant acted intentionally in conducting the search, Minor Sullivan must prove that the Defendant Officers meant to search 2 Garces Drive.  Although Minor Sullivan does not need to prove the Defendant Officers intended to violate Mr. Sullivan's Fourth Amendment rights, it is not enough if Minor Sullivan only proves that Defendant Officer Morgado acted negligently, accidentally or inadvertently in conducting the search.

**ACTUAL ABANDONMENT**

In order to prove that Defendant Officer Morgado violated Mr. Sullivan's Fourth Amendment right to be free from unreasonable searches when he entered and searched 2 Garces Drive, Minor Sullivan must prove by a preponderance of the evidence that the tenants, Jarrett Schank and Bryant Gudor did not abandon their lease at 2 Garces Drive before June 6, 2006.

In determining whether Mr. Schank and Mr. Gudor abandoned their lease at 2 Garces Drive before June 6, 2006, you must determine whether Mr. Schank and Mr. Gudor demonstrated an intent to abandon 2 Garces Drive before that date. In determining whether they demonstrated an intent to abandon 2 Garces, you should consider the totality of the circumstances as of June 6, 2006, including their words, actions, and other objective facts.

Factors that you should consider include but are not limited to: Mr. Schank and Mr. Gudor's communications with the landlord, payment or nonpayment of rent, whether they maintained security or control regarding the occupancy and use of 2 Garces Drive, whether they were living elsewhere, whether they moved their personal property elsewhere, their statements or declarations about where they resided, and any other objective facts that logically bear on their intentions.

United States District Court
For the Northern District of California

16

**APPARENT ABANDONMENT**

Alternatively, even if Mr. Schank and Mr. Gudor did not actually abandon 2 Garces Drive by June 6, 2006, the entry and search of 2 Garces Drive was reasonable if Defendant Officer Morgado had reasonable grounds to believe:

1.      That 2 Garces Drive had been abandoned by the legitimate tenants; and

2.      That the landlord, or an authorized agent of the landlord, consented to the entry and search.  Consent may be expressly stated or it may be implied based on the totality of the circumstances.

In order to prevail on the Fourth Amendment Claim of an unreasonable search, Minor Sullivan must demonstrate by a preponderance of the evidence that the Defendant Officers did not have reasonable grounds to believe that 2 Garces Drive had been abandoned and/or that the landlord, or an authorized agent of the landlord, did not consent to the entry and search.

**United States District Court**
For the Northern District of California

### LEGITIMATE EXPECTATION OF PRIVACY

In order to prove that Defendant Officer Morgado violated Mr. Sullivan's Fourth Amendment right to be free from unreasonable searches when he entered and searched 2 Garces Drive, Minor Sullivan must also prove by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy at 2 Garces Drive on June 6, 2006.  To establish that Mr. Sullivan had a legitimate expectation of privacy, the Estate must prove:

1.      That Mr. Sullivan had an actual subjective expectation that he would have privacy at 2 Garces Drive on June 6, 2006; and

2.      That Mr. Sullivan's expectation of privacy was one that society is prepared to recognize.

In making these determinations, you should consider the totality of the circumstances. Relevant facts include but are not limited to the objective facts about: whether Mr. Sullivan was invited to stay at 2 Garces Drive by Mr. Schank and/or Mr. Gudor; whether Mr. Sullivan took precautions to ensure his privacy at 2 Garces Drive; the extent of control by Mr. Sullivan over who had access to 2 Garces Drive; the number of persons who used 2 Garces Drive and their relationships with each other, and the uses to which the property at 2 Garces Drive was put.

1

## EMERGENCY OR COMMUNITY-CARETAKER CIRCUMSTANCES

2          Alternatively, the entry and search of 2 Garces Drive was reasonable if, under all of the

3 circumstances:

4          1.     Defendant Officer Morgado had reasonable grounds to believe that there was an

5                 emergency at hand and there was an immediate need for their assistance for the

6                 protection of life or property; and

7          2.     the search's scope and manner were reasonable to meet the need.

8          In order to prevail on the Fourth Amendment Claim of an unreasonable search, Minor

9 Sullivan must demonstrate by a preponderance of the evidence that the above circumstances did not

10 exist.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXCESSIVE FORCE—UNREASONABLE SEIZURE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or herself or others. Thus, in order to prove an unreasonable seizure by an officer in this case, Minor Sullivan must prove by a preponderance of the evidence that the defendant officers used excessive force.

There are two excessive force claims in this case. First, Minor Sullivan claims Defendant Officer Morgado used excessive force in pointing his firearm at Mr. Sullivan.  Second, Minor Sullivan claims that Officer Alvis and Officer Keesor used excessive force when they used deadly force against Mr. Sullivan.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest.  Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the totality of the circumstances.  The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

In determining whether any of the Defendant Officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.      The severity of the circumstances to which the officers were responding;

2.      Whether Mr. Sullivan posed an immediate threat to the safety of the officers or to others;

3.      Whether Mr. Sullivan was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.    The availability of alternative methods to take Mr. Sullivan into custody or to

subdue him.

**United States District Court**
For the Northern District of California

1

2

**PROVOKING A CONFRONTATION**

3        Where a police officer intentionally or recklessly provokes a violent confrontation, and the

4   provocation is an independent constitutional violation, then the officer may be held liable for his

5   otherwise reasonable defensive use of force.

6        Here Minor Sullivan alleges that two other Fourth Amendment violations by Defendant

7   Officer Morgado that preceded the deadly use of force: (1) the entry and search of 2 Garces Drive;

8   and (2) the pointing of a firearm at Mr. Sullivan.  You should find Defendant Officer Morgado liable

9   for the deadly use of force if you find that:

10       1.    Based on the previous instructions, Defendant Officer Morgado violated Mr.

11             Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive or

12             by the pointing of a firearm at Mr. Sullivan; and

13       2.    Defendant Officer Morgado intentionally or recklessly provoked a violent

14             response from Mr. Sullivan when he violated Mr. Sullivan's Fourth Amendment

15             Rights.

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

**DEFINING "INTENTIONALLY" AND "RECKLESSLY" PROVOKING A VIOLENT CONFRONTATION**

3

4

"Intentionally provoking a violent confrontation" means that the officer acted with a conscious objective to provoke a violent confrontation.

5

6

7

"Recklessly provoking a violent confrontation" means that the officer consciously disregarded a substantial and unjustifiable risk that a violent confrontation would result from his or her conduct.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## NO SPECIFIC INTENT REQUIRED

Except for the requirement that an officer intentionally or recklessly provoke a violent confrontation as required for the reckless confrontation claim, it is not necessary to find that the Defendant Officers had any specific intent to deprive Mr. Sullivan of his constitutional rights, or that they acted with malice or ill will in order to find for Minor Sullivan.  Minor Sullivan is entitled to relief if the Defendant Officers intended the actions which resulted in a violation of Mr. Sullivan's constitutional rights.  Whether the Defendant Officers acted with subjective good faith is irrelevant, and Minor Sullivan need not prove that the Defendant Officers had an evil heart.

Because you are to determine whether the officers' use of force was objectively reasonable, you should disregard the officers' underlying intent or motivation, regardless of whether that intent or motivation was good or evil.

### NEGLIGENT USE OF DEADLY FORCE

Minor Sullivan that Officers Kessor and Alvis were negligent in their use of deadly force. To establish this claim, Minor Sullivan must prove all of the following:

1.   That Officer Kessor and/or Officer Alvis were negligent in using deadly force against Mr. Sullivan;

2.   That Minor Sullivan was harmed; and

3.   That Officer Kessor's and/or Officer Alvis's negligence was a substantial factor in causing Minor Sullivan's harm.

A police officer is negligent in the use of deadly force if the use of deadly force was unreasonable. In determining whether Officer Kessor and/or Officer Alvis acted unreasonably in using deadly force, you must determine the amount of force that would have appeared reasonable to a police officer in his or her position under the same or similar circumstances. You should consider the totality of the circumstances surrounding the use of deadly force, including the officer's tactical conduct and decisions before the use of force, the severity of the circumstances to which the officers were responding, whether Mr. Sullivan posed an immediate threat to the safety of the officers or to others, whether Mr. Sullivan was actively resisting arrest or attempting to evade arrest by flight, the amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary, the type and amount of force used, and the availability of alternative methods to take Mr. Sullivan into custody or to subdue him. An officer in making a decision to use deadly force is entitled to rely on circumstances as they reasonably appear to him or her. An officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Moreover, the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. In addition, as long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the most reasonable action or the

conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence.

## COMPARATIVE FAULT

Defendants claim that Mr. Sullivan's own negligence contributed to his death.  To succeed on this claim, Defendants must prove both of the following:

1.      That Mr. Sullivan was negligent; and

2.      That Mr. Sullivan's negligence was a substantial factor in causing his death.

If Defendants prove the above, Minor Sullivan's damages will be reduced by your determination of the percentage of Mr. Sullivan's responsibility.  You will determine the percentage of responsibility attributable to Mr. Sullivan, if any.  If you do attribute some percentage of responsibility to Mr. Sullivan, I will calculate the actual reduction in damages.

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1

2

**PRESUMPTION OF NEGLIGENCE PER SE**

3        California Penal Code section 834a states that "[i]f a person has knowledge, or by the

4   exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it

5   is the duty of such person to refrain from using force or any weapon to resist such arrest."

6        If you decide

7        1.        That Mr. Sullivan violated this law, and

8        2.        That this violation was a substantial factor in bringing about the harm,

9   then you must find that Mr. Sullivan was negligent.

10        If you find that Mr. Sullivan did not violate this law or that the violation was not a

11   substantial factor in bringing about the harm, then you must still decide whether Mr. Sullivan was

12   negligent in light of the other instructions.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### CALIFORNIA CIVIL CODE SECTION 52.1

Minor Sullivan contends that the Defendant Officers intentionally interfered with or attempted to interfere with Mr. Sullivan's civil rights by threatening or committing violent acts under California Civil Code Section 52.1.  To establish this claim, Minor Sullivan must prove all of the following:

1.  That the Defendant Officers interfered with or attempted to interfere with Mr. Sullivan's right to be free from unreasonable searches or seizures under the Fourth Amendment to the United States Constitution by threatening or committing violent acts;

2.  The act or conduct that interfered or attempted to interfere with Mr. Sullivan's rights was done deliberately or spitefully; and

3.  The interference, or attempted interference cause Mr. Sullivan to suffer injury, damage, loss, or harm.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIMITING INSTRUCTION REGARDING MR. SULLIVAN'S BACKGROUND**

**AND HISTORY**

You have heard evidence regarding Mr. Sullivan's background and history.  This evidence is relevant and may be considered in support of Defendants' contentions regarding "suicide by cop" and in your assessment of any damages.  However, when you are considering whether the Defendant Officers' conduct was reasonable in terms of their search and/or seizure, you may only consider the information they knew at the time.  The reasonableness of the Defendant Officers' conduct must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene.

United States District Court

For the Northern District of California

**PROOF / MEASURE OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Minor Sullivan, you must determine his damages.  Minor Sullivan has the burden of providing damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate Minor Sullivan for any injury you find was caused by the defendant.  You should consider the following:

Minor Sullivan, as the successor in interest to Mr. Sullivan, claims the following damages: The pain, suffering, disfigurement, loss of enjoyment of life, mental, physical, and emotional pain and suffering experienced by Mr. Sullivan from any initial violation you found up to the time of his death.  The parties have stipulated that Mr. Sullivan died of gunshot wounds at 2 Garces.

Minor Sullivan, as an individual, claims the following damages: the loss of Mr. Sullivan's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.

In determining Minor Sullivan's loss, do not consider:

1.      The grief, sorrow or mental anguish of Minor Sullivan or anyone else;

2.      Any pain and suffering of Mr. Sullivan; or

3.      The poverty or wealth of Minor Sullivan.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOMINAL DAMAGES

With the exception of the claim under California Civil Code 52.1, the law which applies to this case authorizes an award of nominal damages.  If you find for Minor Sullivan but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**
For the Northern District of California

1

### ELECTION OF FOREPERSON – SPECIAL VERDICT

2

3      Upon retiring to the jury room, you will select one of your number to act as your

4  foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here

5  in Court. A form of Special Verdict has been prepared for your convenience. You will take this

6  form to the jury room.

7      You will note that each of the interrogatories or questions calls for a yes or no answer. The

8  answer to each question must be the unanimous answer of the jury. Your foreperson will write the

9  unanimous answer of the jury in the space provided below each question. As you will note from the

10  wording of the questions, it will not be necessary to consider or answer any subsequent questions if

11  your answer to the yes/no questions is "no."

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**
For the Northern District of California

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.   Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

36

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.