United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.
_______________________________________/

No. C 06-04686 JSW

**COURT'S INTENDED SPECIAL VERDICT FORM**

1. Do you find that Minor Asa I. Sullivan ("Minor Sullivan") proved by a preponderance of the evidence that the tenants, Jarrett Schank and Bryant Gudor, did not abandon their lease at 2 Garces Drive before June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" to Question 1, please proceed to Question 6.**

2. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado did not have reasonable grounds to believe that 2 Garces Drive had been abandoned and/or that the landlord, or an authorized agent of the landlord, did not consent to the entry and search?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No" to Question 2, please proceed to Question 6.**

United States District Court
For the Northern District of California

3. Do you find that Minor Sullivan proved by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy at 2 Garces Drive on June 6, 2006?

Answer “Yes” or “No”: ____________

**If you answered “Yes” to Question 3, please proceed to Question 4. If you answered “No” to Question 3, please proceed to Question 6.**

4. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Officer Morgado did not have reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property and/or that the search’s scope and manner were not reasonable to meet the need.

Answer “Yes” or “No”: ____________

**If you answered “Yes” to Question 4, please proceed to Question 5. If you answered “No” to Question 4, please proceed to Question 6.**

5. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from an unreasonable search when they entered and searched 2 Garces Drive?

Answer “Yes” or “No”: ____________

**Please proceed to Question 6.**

6. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when he pointed his firearm at Mr. Sullivan?

Answer “Yes” or “No”: ____________

**Please proceed to Question 7.**

United States District Court
For the Northern District of California

7. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when they when they used deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**Please proceed to Question 8.**

8. **If you answered "No" to Questions 5 and 6, skip this Question and please proceed to Question 9.** If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive or by the pointing of firearms at Mr. Sullivan, do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado intentionally or recklessly provoked a violent response from Mr. Sullivan when he violated his Fourth Amendment Rights.

Answer "Yes" or "No" : ____________

**Please proceed to Question 9.**

9. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers were negligent in their use of deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**If you answered "Yes" to Question 9 as to either Officer Alvis or Officer Keesor, please proceed to Question 10. If you answered "No" to Question 9 as to both Officer Alvis or Officer Keesor, please proceed to Question 12.**

10. Do you find that the Defendant Officers proved by a preponderance of the evidence that Mr. Sullivan was negligent and Mr. Sullivan's negligence was a substantial factor in causing his death.

United States District Court
For the Northern District of California

Answer "Yes" or "No" ____________

**Please proceed to Question 11.**

11. What percentage of fault do you attribute to each person below? Your answer may be zero.

Officer Alvis: ____________

Officer Keesor: ____________

Mr. Sullivan: _____________

**Please proceed to Question 12.**

12. If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive and/or by the pointing of firearms at Mr. Sullivan, and/or that Officer Alvis and/or Officer Keesor violated Mr. Sullivan's Fourth Amendment rights by the use of deadly force against him, do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers intentionally interfered with or attempted to interfere with Mr. Sullivan's civil rights by threatening or committing violent acts.

Answer "Yes" or "No" as to Officer Morgado and the entry and search of 2 Garces Drive:

____________

Answer "Yes" or "No" as to Officer Morgado and the pointing of firearms at Mr. Sullivan:

____________

Answer "Yes" or "No" as to Officer Alvis and the use of deadly force:

____________

Answer "Yes" or "No" as to Officer Keesor and the use of deadly force:

____________

**Please proceed to Question 13.**

13. If you answered “Yes” to Questions 5, 6, 7, or 8 as to any Defendant Officer, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the Constitutional violation(s).

Damages : ____________

If you answered “Yes” to Questions 5, 6, 7, or 8 as to any Defendant Officer, but found that Minor Sullivan failed to prove by a preponderance of the evidence that any actual damages were caused by the Constitutional violation(s), you shall return an award of nominal damages not to exceed one dollar.

**Please proceed to Question 14.**

14. If you answered “Yes” to Question 12, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the violation.

Damages : ____________

**Please proceed to Question 15.**

15. If you answered “Yes” to Question 9, what damages do you find that Minor Sullivan, as an individual, proved by a preponderance of the evidence were caused by the Defendant Officers’ conduct.

Damages : ____________

**Please sign, date and return this verdict form to the clerk or court security officer.**

Date: ___________________

______________________________
**FOREPERSON**

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.
_______________________________________/

No. C 06-04686 JSW

**COURT'S INTENDED SPECIAL VERDICT FORM**

1. Do you find that Minor Asa I. Sullivan ("Minor Sullivan") proved by a preponderance of the evidence that the tenants, Jarrett Schank and Bryant Gudor, did not abandon their lease at 2 Garces Drive before June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" to Question 1, please proceed to Question 6.**

2. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado did not have reasonable grounds to believe that 2 Garces Drive had been abandoned and/or that the landlord, or an authorized agent of the landlord, did not consent to the entry and search?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No" to Question 2, please proceed to Question 6.**

United States District Court
For the Northern District of California

3. Do you find that Minor Sullivan proved by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy at 2 Garces Drive on June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 3, please proceed to Question 4. If you answered "No" to Question 3, please proceed to Question 6.**

4. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Officer Morgado did not have reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property and/or that the search's scope and manner were not reasonable to meet the need.

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 4, please proceed to Question 5. If you answered "No" to Question 4, please proceed to Question 6.**

5. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from an unreasonable search when they entered and searched 2 Garces Drive?

Answer "Yes" or "No": ____________

**Please proceed to Question 6.**

6. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when he pointed his firearm at Mr. Sullivan?

Answer "Yes" or "No": ____________

**Please proceed to Question 7.**

United States District Court
For the Northern District of California

7. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when they when they used deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**Please proceed to Question 8.**

8. **If you answered "No" to Questions 5 and 6, skip this Question and please proceed to Question 9.** If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive or by the pointing of firearms at Mr. Sullivan, do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado intentionally or recklessly provoked a violent response from Mr. Sullivan when he violated his Fourth Amendment Rights.

Answer "Yes" or "No" : ____________

**Please proceed to Question 9.**

9. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers were negligent in their use of deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**If you answered "Yes" to Question 9 as to either Officer Alvis or Officer Keesor, please proceed to Question 10. If you answered "No" to Question 9 as to both Officer Alvis or Officer Keesor, please proceed to Question 12.**

10. Do you find that the Defendant Officers proved by a preponderance of the evidence that Mr. Sullivan was negligent and Mr. Sullivan's negligence was a substantial factor in causing his death.

United States District Court
For the Northern District of California

Answer "Yes" or "No" ____________

**Please proceed to Question 11.**

11. What percentage of fault do you attribute to each person below? Your answer may be zero.

Officer Alvis: ____________

Officer Keesor: ____________

Mr. Sullivan: _____________

**Please proceed to Question 12.**

12. If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive and/or by the pointing of firearms at Mr. Sullivan, and/or that Officer Alvis and/or Officer Keesor violated Mr. Sullivan's Fourth Amendment rights by the use of deadly force against him, do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers intentionally interfered with or attempted to interfere with Mr. Sullivan's civil rights by threatening or committing violent acts.

Answer "Yes" or "No" as to Officer Morgado and the entry and search of 2 Garces Drive:

____________

Answer "Yes" or "No" as to Officer Morgado and the pointing of firearms at Mr. Sullivan:

____________

Answer "Yes" or "No" as to Officer Alvis and the use of deadly force:

____________

Answer "Yes" or "No" as to Officer Keesor and the use of deadly force:

____________

**Please proceed to Question 13.**

13. If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the Constitutional violation(s).

Damages : ____________

If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, but found that Minor Sullivan failed to prove by a preponderance of the evidence that any actual damages were caused by the Constitutional violation(s), you shall return an award of nominal damages not to exceed one dollar.

**Please proceed to Question 14.**

14. If you answered "Yes" to Question 12, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the violation.

Damages : ____________

**Please proceed to Question 15.**

15. If you answered "Yes" to Question 9, what damages do you find that Minor Sullivan, as an individual, proved by a preponderance of the evidence were caused by the Defendant Officers' conduct.

Damages : ____________

**Please sign, date and return this verdict form to the clerk or court security officer.**

Date: ___________________

______________________________
**FOREPERSON**

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.
_____________________________________/

No. C 06-04686 JSW

**COURT'S INTENDED SPECIAL VERDICT FORM**

1. Do you find that Minor Asa I. Sullivan ("Minor Sullivan") proved by a preponderance of the evidence that the tenants, Jarrett Schank and Bryant Gudor, did not abandon their lease at 2 Garces Drive before June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" to Question 1, please proceed to Question 6.**

2. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado did not have reasonable grounds to believe that 2 Garces Drive had been abandoned and/or that the landlord, or an authorized agent of the landlord, did not consent to the entry and search?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No" to Question 2, please proceed to Question 6.**

United States District Court
For the Northern District of California

3. Do you find that Minor Sullivan proved by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy at 2 Garces Drive on June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 3, please proceed to Question 4. If you answered "No" to Question 3, please proceed to Question 6.**

4. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Officer Morgado did not have reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property and/or that the search's scope and manner were not reasonable to meet the need.

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 4, please proceed to Question 5. If you answered "No" to Question 4, please proceed to Question 6.**

5. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from an unreasonable search when they entered and searched 2 Garces Drive?

Answer "Yes" or "No": ____________

**Please proceed to Question 6.**

6. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when he pointed his firearm at Mr. Sullivan?

Answer "Yes" or "No": ____________

**Please proceed to Question 7.**

United States District Court
For the Northern District of California

7. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when they when they used deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**Please proceed to Question 8.**

8. **If you answered "No" to Questions 5 and 6, skip this Question and please proceed to Question 9.** If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive or by the pointing of firearms at Mr. Sullivan, do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado intentionally or recklessly provoked a violent response from Mr. Sullivan when he violated his Fourth Amendment Rights.

Answer "Yes" or "No" : ____________

**Please proceed to Question 9.**

9. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers were negligent in their use of deadly force against Mr. Sullivan?

Answer "Yes" or "No" for Officer Alvis: ____________

Answer "Yes" or "No" for Officer Keesor: ____________

**If you answered "Yes" to Question 9 as to either Officer Alvis or Officer Keesor, please proceed to Question 10. If you answered "No" to Question 9 as to both Officer Alvis or Officer Keesor, please proceed to Question 12.**

10. Do you find that the Defendant Officers proved by a preponderance of the evidence that Mr. Sullivan was negligent and Mr. Sullivan's negligence was a substantial factor in causing his death.

Answer "Yes" or "No" ____________

**Please proceed to Question 11.**

11. What percentage of fault do you attribute to each person below? Your answer may be zero.

Officer Alvis: ____________

Officer Keesor: ____________

Mr. Sullivan: _____________

**Please proceed to Question 12.**

12. If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive and/or by the pointing of firearms at Mr. Sullivan, and/or that Officer Alvis and/or Officer Keesor violated Mr. Sullivan's Fourth Amendment rights by the use of deadly force against him, do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers intentionally interfered with or attempted to interfere with Mr. Sullivan's civil rights by threatening or committing violent acts.

Answer "Yes" or "No" as to Officer Morgado and the entry and search of 2 Garces Drive: ____________

Answer "Yes" or "No" as to Officer Morgado and the pointing of firearms at Mr. Sullivan: ____________

Answer "Yes" or "No" as to Officer Alvis and the use of deadly force: ____________

Answer "Yes" or "No" as to Officer Keesor and the use of deadly force: ____________

**Please proceed to Question 13.**

13. If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the Constitutional violation(s).

Damages : ____________

If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, but found that Minor Sullivan failed to prove by a preponderance of the evidence that any actual damages were caused by the Constitutional violation(s), you shall return an award of nominal damages not to exceed one dollar.

**Please proceed to Question 14.**

14. If you answered "Yes" to Question 12, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the violation.

Damages : ____________

**Please proceed to Question 15.**

15. If you answered "Yes" to Question 9, what damages do you find that Minor Sullivan, as an individual, proved by a preponderance of the evidence were caused by the Defendant Officers' conduct.

Damages : ____________

**Please sign, date and return this verdict form to the clerk or court security officer.**

Date: ___________________

______________________________
**FOREPERSON**

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ESPINOSA, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.
_______________________________________/

No. C 06-04686 JSW

**COURT'S INTENDED SPECIAL VERDICT FORM**

1. Do you find that Minor Asa I. Sullivan ("Minor Sullivan") proved by a preponderance of the evidence that the tenants, Jarrett Schank and Bryant Gudor, did not abandon their lease at 2 Garces Drive before June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" to Question 1, please proceed to Question 6.**

2. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado did not have reasonable grounds to believe that 2 Garces Drive had been abandoned and/or that the landlord, or an authorized agent of the landlord, did not consent to the entry and search?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No" to Question 2, please proceed to Question 6.**

United States District Court
For the Northern District of California

3. Do you find that Minor Sullivan proved by a preponderance of the evidence that Mr. Sullivan had a legitimate expectation of privacy at 2 Garces Drive on June 6, 2006?

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 3, please proceed to Question 4. If you answered "No" to Question 3, please proceed to Question 6.**

4. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Officer Morgado did not have reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property and/or that the search's scope and manner were not reasonable to meet the need.

Answer "Yes" or "No": ____________

**If you answered "Yes" to Question 4, please proceed to Question 5. If you answered "No" to Question 4, please proceed to Question 6.**

5. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from an unreasonable search when they entered and searched 2 Garces Drive?

Answer "Yes" or "No": ____________

**Please proceed to Question 6.**

6. Do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when he pointed his firearm at Mr. Sullivan?

Answer "Yes" or "No": ____________

**Please proceed to Question 7.**

7. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers deprived Mr. Sullivan of his rights under the Fourth Amendment to the Constitution to be free from excessive force when they when they used deadly force against Mr. Sullivan?

Answer “Yes” or “No” for Officer Alvis: ____________

Answer “Yes” or “No” for Officer Keesor: ____________

**Please proceed to Question 8.**

8. **If you answered “No” to Questions 5 and 6, skip this Question and please proceed to Question 9.** If you found that Officer Morgado violated Mr. Sullivan’s Fourth Amendment rights by the entry and search of 2 Garces Drive or by the pointing of firearms at Mr. Sullivan, do you find that Minor Sullivan proved by a preponderance of the evidence that Officer Morgado intentionally or recklessly provoked a violent response from Mr. Sullivan when he violated his Fourth Amendment Rights.

Answer “Yes” or “No” : ____________

**Please proceed to Question 9.**

9. Do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers were negligent in their use of deadly force against Mr. Sullivan?

Answer “Yes” or “No” for Officer Alvis: ____________

Answer “Yes” or “No” for Officer Keesor: ____________

**If you answered “Yes” to Question 9 as to either Officer Alvis or Officer Keesor, please proceed to Question 10. If you answered “No” to Question 9 as to both Officer Alvis or Officer Keesor, please proceed to Question 12.**

10. Do you find that the Defendant Officers proved by a preponderance of the evidence that Mr. Sullivan was negligent and Mr. Sullivan’s negligence was a substantial factor in causing his death.

Answer "Yes" or "No" ____________

**Please proceed to Question 11.**

11. What percentage of fault do you attribute to each person below? Your answer may be zero.

Officer Alvis: ____________

Officer Keesor: ____________

Mr. Sullivan: ____________

**Please proceed to Question 12.**

12. If you found that Officer Morgado violated Mr. Sullivan's Fourth Amendment rights by the entry and search of 2 Garces Drive and/or by the pointing of firearms at Mr. Sullivan, and/or that Officer Alvis and/or Officer Keesor violated Mr. Sullivan's Fourth Amendment rights by the use of deadly force against him, do you find that Minor Sullivan proved by a preponderance of the evidence that the Defendant Officers intentionally interfered with or attempted to interfere with Mr. Sullivan's civil rights by threatening or committing violent acts.

Answer "Yes" or "No" as to Officer Morgado and the entry and search of 2 Garces Drive:

____________

Answer "Yes" or "No" as to Officer Morgado and the pointing of firearms at Mr. Sullivan:

____________

Answer "Yes" or "No" as to Officer Alvis and the use of deadly force:

____________

Answer "Yes" or "No" as to Officer Keesor and the use of deadly force:

____________

**Please proceed to Question 13.**

United States District Court
For the Northern District of California

13. If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the Constitutional violation(s).

Damages : ____________

If you answered "Yes" to Questions 5, 6, 7, or 8 as to any Defendant Officer, but found that Minor Sullivan failed to prove by a preponderance of the evidence that any actual damages were caused by the Constitutional violation(s), you shall return an award of nominal damages not to exceed one dollar.

**Please proceed to Question 14.**

14. If you answered "Yes" to Question 12, what damages do you find that Minor Sullivan, as the successor-in-interest to Mr. Sullivan, proved by a preponderance of the evidence were caused by the violation.

Damages : ____________

**Please proceed to Question 15.**

15. If you answered "Yes" to Question 9, what damages do you find that Minor Sullivan, as an individual, proved by a preponderance of the evidence were caused by the Defendant Officers' conduct.

Damages : ____________

**Please sign, date and return this verdict form to the clerk or court security officer.**

Date: __________________

______________________________
**FOREPERSON**